ISAIAH FINCH vs. NORTHERN PACIFIC RAILROAD COMPANY.

July 24, 1891.

Railway—Ejection of Passenger for Refusal to Pay Excessive Fare—
Damages.—By the rules of the defendant company, every passenger is
required to procure a ticket before entering the cars, or, in default
thereof, the conductor is obliged to collect an additional sum of 25 cents,
for which a rebate certificate is issued. The plaintiff failed to procure
a passenger ticket, in consequence of the absence of the ticket agent at
the depot, and, upon his refusal to pay the fare demanded by the con-
ductor and required by the rules of the company, was required to leave
the train at the first station, which he did; but no actual force or insult-
ing language was used, and no personal injury suffered. *Held*, that the
damages were compensatory only, and that, under the circumstances in
evidence, a verdict for $500 was excessive.

Appeal by defendant from an order of the district court for Clay
county, *Mills*, J., presiding, refusing a new trial on plaintiff consent-
ing that the verdict of $650 in his favor be reduced to $500.

*John C. Bullitt, Jr.*, and *W. F. Ball*, for appellant.

*O. Mosness*, for respondent.

VANDERBURGH, J.　The defendant claims that the damages awarded
by the jury in this case are excessive. This is the only question requir-
ing consideration. The plaintiff took passage on one of defend-
ant's trains at Muskoda, in Clay county, on the morning of December
24, 1888, intending to go to Moorhead. He was unable to procure a
ticket, owing to the absence of the ticket agent at the station. In
accordance with an inflexible rule of the company, the conductor
was required to collect 25 cents in addition to the regular fare, where
passengers failed to procure tickets, and to issue to them a rebate
certificate for a similar amount. This the plaintiff knew, but on the
demand of the conductor he refused to pay the full amount required.
The conductor refused to receive a less sum, and thereupon, at the
next station or stopping place, Smyser's Siding, four miles from
Muskoda, upon notice of the conductor, the plaintiff left the train.
Though he left the train under implied compulsion, no force or in-

sulting language was used, or personal injury suffered.   He was left at a place where there were no convenient accommodations for travellers, and was delayed in his journey.   It was a cold day, but it does not appear that he was exposed to any special suffering.   It was in the forenoon, and but a short distance from Muskoda.   No special damages are alleged or shown, and no circumstances of aggravation appear.   His exclusion from the train was wrongful, notwithstanding the conductor acted in good faith, for it was the fault of the company that he was not able to procure a regular ticket; but it does not appear that he was subjected to any other indignity than the mere assertion of the rule.   There was no disturbance, no violence, no exhibition of ill-will, and no assault.   It was not a case for punitive damages, but for compensatory only.   In such cases the damages are in the reasonable, but not unlimited, discretion of the jury; and we think, under all the circumstances, a verdict for $650, voluntarily reduced by plaintiff to $500, was excessive, and can hardly be justified upon any theory of the case.   While the company is liable upon the ground stated, the rule in question cannot be held to be unreasonable, and the conductor could not evade it.   He seems to have used due care and discretion, under the circumstances.   There must be a new trial, unless the plaintiff consent to a reduction of the verdict to the sum of $250.   By this direction we do not assume to fix that sum as a standard for the guidance of trial courts in actions of this kind, but, in view of the fact that there have been two trials in the case, to intimate that if the verdict had not exceeded that sum, and the trial court had, in the exercise of a sound discretion, declined to interfere, we should not have felt bound to do so.   The case will be remanded to the district court, with directions to grant a new trial, unless the plaintiff will stipulate to reduce the verdict to the sum of $250.