ELIZABETH CURRIDEN *et al. vs.* ST. PAUL & NORTHERN PACIFIC
                    RY. CO.

Argued June 24, 1892. Decided July 13, 1892.

**Title to Real Estate Sold on Execution in 1858 Passed at the Date
of the Sale.**

> The rule laid down in *Dickinson* v. *Kinney*, 5 Minn. 409, (Gil. 332,)
> in respect to execution sales, followed and adhered to as having estab-
> lished a rule of property. *Held*, accordingly, that an execution sale of
> real estate under the statute as then existing transferred to the purchaser
> the entire interest and estate of the judgment debtor in the land, subject
> only to the right of the redemptioner to become reinvested with the title.

Appeal by defendant, the St. Paul and Northern Pacific Railway
Company, from a judgment of the District Court of Hennepin
County, *Smith*, J., entered February 23, 1892.

June 3, 1858, John L. Rogers, recovered a judgment in the Dis-
trict Court of Hennepin County against John Orth for $216.47, and
it was docketed.  Afterwards a writ of execution was issued thereon,
and the five town lots in East Minneapolis owned by Orth were sold
under it by the sheriff November 1, 1861, and bid in by Rogers, who
received from the sheriff a certificate of sale.  Rogers died intestate
in Erie county, Pennsylvania, October 8, 1863, leaving Abbie A.
Rogers, his widow, and the other plaintiffs in this action his heirs at
law.  The lots were not redeemed.  No sheriff's deed of the lots was
ever made or recorded.  The widow was on July 24, 1865, appointed
administratrix of the estate of Rogers by the proper court of Erie
county, Pa., and she on September 26, 1865, as such administratrix,
made a quitclaim deed of the lots to Jane S. Crow, under whom the
railway company claims.  The lots remained unoccupied until 1883;
since that year defendant has occupied them.  The trial court held
that the title to the lots passed to Rogers at the sheriff's sale, subject
to redemption within three years thereafter.  That on his death his
heirs inherited this title; and that the quitclaim of the widow was
ineffectual to divest the heirs of their title.  Judgment was entered
that plaintiffs recover the possession of the lots and their costs.

*E. C. Chatfield,* for appellant.

A purchaser at execution sale when the sheriff's deed was required to complete the sale, to whom no deed was ever made, certainly did not have a perfect and complete title, nor was he the owner in fee of the land sold.   *Whiting* v. *Butler,* 29 Mich. 122; *Smith* v. *Buse,* 35 Minn. 234.

Unless the court shall hold, as claimed by plaintiffs, that the full legal title passed to the purchaser by the sale and certificate, without any deed ever having been made, the judgment must be reversed. The main reliance of respondent's counsel is upon the doctrine stated in *Dickinson* v. *Kinney,* 5 Minn. 409, (Gil. 332.) This court, although not expressly overruling this case, has said: "The correctness of the decision in *Dickinson* v. *Kinney* may be doubted, even under the statute as it then stood." 1858 Comp. Stat. ch. 61, § 116; Laws 1860, ch. 87; *Parke* v. *Hush,* 29 Minn. 434.

*Haynes & Chase,* and *C. J. Cahaley,* for respondents.

The sale was made under 1858 Comp. Stat. ch. 61, §§ 113–116. The statute in express terms provided that the entire estate passed upon the sale, subject to redemption, and, if redeemed, that the debtor was restored to his estate.   *Burke* v. *Lacock,* 41 Minn. 250; *Railway Co.* v. *McShane,* 22 Wall. 444; *Red River, etc., R. Co.* v. *Sture,* 32 Minn. 95.

The direct question has been passed upon three times by this court under this statute.   The court has three times held that the absolute legal title passed on the day of the sale, subject to be defeated by redemption.   *Dickinson* v. *Kinney,* 5 Minn. 409, (Gil. 332;) *Messerschmidt* v. *Baker,* 22 Minn. 81; *James* v. *Wilder,* 25 Minn. 305.

This rule of property will not now be disturbed.   The decision in *Dickinson* v. *Kinney* was made prior to the sale under the Rogers judgment, and has remained a rule of property from that date until this time.   The title to valuable property depends upon the stability of the decision in that case, and this court will not now disturb those vested rights, nor reverse the decision, even if admitted to be erroneous.   *Welch* v. *Sullivan,* 8 Cal. 188; *Harrow* v. *Myers,* 29 Ind. 470;

*Kneeland* v. *Milwaukee,* 15 Wis. 454; *Rockhill* v. *Nelson,* 24 Ind. 424; *Gelpcke* v. *Dubuque,* 1 Wall. 175.

The quitclaim deed of Abbie A. Rogers passed no title whatever. It did not convey the minor's estate under our statutes for the reason that no probate proceedings to divest title were ever had in this state. *Pratt* v. *Beaupre,* 13 Minn. 187, (Gil. 177;) *Holton* v. *Parker,* 13 Minn. 383, (Gil. 355;) *Peck* v. *Gardner,* 9 Hun, 704; *Taft* v. *Brewster,* 9 John. 334.

Until 1883, the property was vacant and unoccupied. The heirs of Rogers were deemed in legal possession of the premises until 1883. The constructive possession followed the legal title. *United States* v. *Arredondo,* 6 Pet. 691; *Washburn* v. *Cutter,* 17 Minn. 361, (Gil. 335.)

VANDERBURGH, J. The plaintiffs claim title to the property in controversy under an execution sale thereof, made November 1, 1861. The judgment upon which it was issued was duly rendered and docketed in the proper county, and the sale thereon duly made. The execution, with the sheriff's return, was duly filed, and a duplicate certificate of the sale thereon, issued to the purchaser, was also duly filed in the office of the register of deeds of the same county, as the statute then in force required. There was no redemption from the sale, but no sheriff's deed was ever issued to the purchaser. The only question involved in this case requiring consideration is whether the absolute title passed to the purchaser by the sale, or whether it was an equitable interest or title merely which he acquired, the legal title in the mean time remaining in abeyance until the execution of the sheriff's deed; that is to say, whether a sheriff's deed, under the statute then in force, was in fact essential to pass the legal title, or anything more than formal evidence that the title had passed under the sale without redemption. Under the doctrine established by the case of *Dickinson* v. *Kinney,* 5 Minn. 416, (Gil. 332,) which was applied and followed by the court below in this case, an estate in fee passed to plaintiffs' ancestor under the execution sale above referred to.

The decision in that case has since been recognized as the law in this state, and has become a rule of property, which cannot now be safely disturbed.

Since it is too late to question the correctness of the rule therein adopted, it is unnecessary to reopen the discussion.

Under the application of the rule of *stare decisis*, the court decided the case correctly, and the judgment is accordingly affirmed.

(Opinion published 52 N. W. Rep. 966.)