Fred McLean *vs.* Chicago, St. P., M. & O. Ry. Co.

Submitted on briefs June 28, 1892. Decided July 14, 1892.

**Expulsion from Train—Excessive Damages.**

> In an action arising out of a wrongful expulsion of plaintiff from one of defendant's railway trains, in which action said plaintiff was entitled to recover compensatory damages only, it is *held* that, under the circumstances as shown by the evidence, a verdict for the sum of $250 was excessive.

Appeal by defendant, the Chicago, St. Paul, Minneapolis and Omaha Railway Company, from an order of the District Court, Blue Earth County, *Severance,* J., made March 10, 1892, refusing a new trial.

The plaintiff, Fred McLean, residing at Lake Crystal, Minn., on the line of defendant's road, applied to the ticket agent there for a ticket to Madelia on said line, and for a permit to make the trip on

one of defendant's freight trains. The ticket agent furnished him a ticket, for which he paid, and also a permit. Certain blanks in the permit were not filled out in accordance with the rules of the company, and the conductor refused to accept it, and stopping the train, put plaintiff off without force. The plaintiff walked back to Lake Crystal, about two miles. This was about five o'clock A. M., November 13, 1890, a dark and foggy morning. This action was brought to recover damages for the expulsion of plaintiff from the train. The case was tried December 2, 1891, before a jury, and resulted in a verdict of $250 for the plaintiff. A motion for a new trial was made on the grounds of excessive damages, and that the verdict was not justified by the evidence, and contrary to law. From an order denying this motion, defendant appealed.

*S. L. Perrin* and *Lorin Cray,* for appellant.

The verdict of the jury was excessive and should be set aside. *Finch* v. *Northern Pac. R. Co.,* 47 Minn. 36.

*D. A. Reed* and *Wm. N. Plymat,* for respondent.

The damages awarded were not excessive. *Carsten* v. *Northern Pac. R. Co.,* 44 Minn. 454; *Finch* v. *Northern Pac. R. Co.,* 47 Minn. 36; *Serwe* v. *Northern Pac. R. Co.,* 48 Minn. 78.

COLLINS, J. There is no substantial difference between the facts in this case and those recently considered in *Finch* v. *Northern Pac. R. Co.,* 47 Minn. 36, (49 N. W. Rep. 329,) or in the rules of law which govern. There the plaintiff, unable to buy a ticket at the station where he boarded a passenger train, the office being closed, was obliged to leave the train because he refused to pay a small sum demanded by the conductor in good faith, and in accordance with a rule of the railway company, in addition to the regular fare. Here the plaintiff had purchased a ticket, and had obtained, as he supposed, and as required by a regulation of defendant corporation, a permit to ride upon the freight train in question. He was compelled to leave the train because of a defect in the permit in that certain blanks therein were not filled, wholly the fault of defendant's station

agent from whom it was obtained.    This was shortly after five o'clock in the morning of November 13, 1890, and plaintiff was obliged to walk back to the station at which he took the train,—not to exceed two miles,—reaching there about six o'clock, his residence being in the immediate vicinity of the station house.    The morning was dark and foggy, but it was not shown that he was specially inconvenienced by this or any other fact.    The expulsion from the train was wrongful and unwarranted, but the conductor acted in perfect good faith, and in a gentlemanly manner, as did the plaintiff when informed that his permit would not be honored.    It was not claimed that the plaintiff suffered in mind or body, or that he sustained any loss, except as might be inferred from the bare fact that he was prevented from making a journey to a station ten miles distant at that particular time, and was obliged to return some two miles on foot, carrying his luggage—a heavy satchel—in his hand.    As stated by the learned trial court in its charge to the jury, it was a case in which compensatory damages only could be allowed, and yet the verdict of the jury was for $250.    A verdict for such an amount as compensation was excessive, and clearly the result of an unjust prejudice against defendant.    As was remarked in *Finch* v. *Northern Pac. R. Co.*, *supra*, the amount to be awarded as damages in cases of this character is in the reasonable, but not unlimited, discretion of the jury, and when reducing the verdict therein, it was expressly stated that we did not assume to fix the sum of $250 as a standard for the guidance of trial courts in this kind of actions.    The broad intimation was that, as reduced, the verdict was for a greater sum than would be tolerated should another case, not materially different on the facts, be presented.

Order reversed.

(Opinion published 52 N. W. Rep. 966.)