R. F. GISLESON v. MINNEAPOLIS & ST. LOUIS RAILROAD
COMPANY.[1] .

January 31, 1902.

Nos. 12,793—(105).

Ejecting Passenger from Train—Verdict.

In an action against a railway company to recover compensatory dam-
ages for being wrongfully compelled to leave a passenger train, the
plaintiff secured a verdict for $225. Upon a motion for a new trial the
court below ordered that the motion be granted unless plaintiff con-
sented to a reduction to $150. This reduction was accepted. *Held* that,
under the facts and circumstances as they appeared from the evidence,
the amount of the recovery was not excessive.

Action in the district court for Freeborn county to recover
$2,200 for the wrongful ejection of plaintiff from defendant's
passenger train. The case was tried before Kingsley, J., and a
jury, which rendered a verdict in favor of plaintiff for $225.
From an order denying a motion for a new trial upon condition
that plaintiff consent to a reduction of the verdict to $150, which
consent was filed, and from a judgment entered upon the reduced
verdict, defendant appealed. Order and judgment affirmed.

*Albert E. Clarke,* for appellant.
*Morgan & Meighen* and *H. H. Dunn,* for respondent.

COLLINS, J.

The only alleged error presented by this appeal arises out of the
contention that the damages, as finally reduced by the trial court
and accepted by plaintiff, were excessive. The latter, a "stock-
man," had transportation from Minneapolis to his home at Twin
Lakes, more than one hundred miles, over defendant's railroad.
He took the evening train at Minneapolis on November 16, 1899,
and was compelled by the conductor to leave it at Hopkins, a sta-
tion about ten miles from Minneapolis, on the ground that his
transportation contract was not good. In this the conductor was
wrong, for it is conceded that the contract was valid, and should

[1] Reported in 88 N. W. 970.

have been accepted. No force was used in ejecting plaintiff, but from his testimony it appeared that in the presence and hearing of several passengers the conductor was impertinent, and slightly profane, and also that a brakeman indulged in some personal remarks which were not very complimentary to plaintiff, when he was leaving the train. The plaintiff had but $1.50 in money, and so informed the conductor, and he was wholly unacquainted in Hopkins. He waited several hours about the station, hoping to board a train returning to Minneapolis, where a friend resided; but none came, and about the middle of the night he started to walk back. He knew nothing about the highway, and felt obliged to follow the railroad tracks. It was a cold night, and he did not reach his friend's in the city until about five o'clock the next morning. There he borrowed money sufficient to purchase a ticket to Twin Lakes, and then went home.

The court instructed the jury that the plaintiff's recovery must be limited to such an amount as would fairly and reasonably compensate him for the injury sustained at the hands of the defendant; that this included the amount paid for railroad fare, loss of time, and personal inconvenience and annoyance at being wrongfully put off the train and at being delayed upon his journey. The jury returned a verdict of $225, and upon a motion for a new trial the court below ordered that the motion should be granted unless the plaintiff consented that the verdict be reduced to the sum of $150. Consent was duly filed.

On the facts the case now before us is much like that of Finch v. Northern Pacific R. Co., 47 Minn. 36, 49 N. W. 329, except that no insulting language was used on that occasion, and there was no exhibition of ill will. We there reduced a verdict of $500 to $250, with an intimation that such sum should not be regarded as a standard for the guidance of trial courts in future. In McLean v. Chicago, St. P., M. & O. Ry. Co., 50 Minn. 485, 52 N. W. 966, the facts considered were about the same, except that plaintiff resided within two miles of the place where he was wrongfully compelled to get off defendant's train. He was not insulted nor humiliated in the presence of passengers. The only real inconvenience shown was that he had to return home, about two

miles, carrying a heavy satchel. We there held the verdict of $250 for compensatory damages excessive, calling attention to the Finch case. If these two cases were precisely in point, it might well be said that the verdict now under discussion, as finally reduced by the court below, should again be cut down. We would have been better satisfied if the court had reduced it to about $100, but, under all the facts and circumstances, we cannot say that, as it now stands, it is excessive in amount, or that justice requires that it should be interfered with by this court.

Judgment affirmed.