### HENRY MORGAN v. CHARLES A. JOSLYN.[1]

December 4, 1903.

Nos. 13,628—(171).

**Construction of Will.**

The will under which respondent claims to be the owner of certain premises contained the following clause: "I give, devise and bequeath unto my son, Charles A. Joslyn, all real estate in the state of Minnesota which I may own at the time of my death." When the testatrix died she was the owner and in possession of certain premises upon which she held a sheriff's certificate on execution sale, the time for redemption not having expired. *Held*, the interest she had as the holder of the sheriff's certificate was such as under the terms of the will passed to the devisee, although the legal title remained in the judgment debtor.

[1] Reported in 97 N. W. 449.

Action in the district court for Olmsted county by plaintiff, as executor of the will of Marietta M. Joslyn, deceased, to recover $1,447.70, money had and received by defendant to plaintiff's use. The case was tried before Snow, J., who found in favor of plaintiff for the sum of $407.85. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*Chas. C. Willson,* for appellant.

*Burt W. Eaton,* for respondent.

LEWIS, J.[2]

Mrs. Joslyn held a mortgage executed by the owner, W. A. Hymes, on lot 12, block 24, in the city of Rochester. She also purchased the premises at an execution sale, subject to the mortgage, and a sheriff's certificate to the property was issued to her. While she was the holder and owner of such mortgage and sheriff's certificate, before the property was redeemed, and before the expiration for redemption under the execution sale, Mrs. Joslyn died testate. Respondent, Charles A. Joslyn, her son, had for a number of years been acting as her agent, in charge of her real estate and investments in Rochester, and as such had authority to collect rents for her. At the time of her death Mrs. Joslyn was a resident of New York state, and upon her decease the will was duly probated in that jurisdiction, and appellant was duly appointed executor of the estate. This action was brought to recover the sum of $1,447.70, alleged to have been collected by respondent during his agency, and not accounted for.

The ninth clause of the will read:

> "I give, devise and bequeath unto my son, Charles A. Joslyn, all real estate in the state of Minnesota which I may own at the time of my death, except lots 6 and 8, block 17, in East Rochester, Minnesota."

The only question necessary to decide upon this appeal is whether, under the terms of this clause of the will, respondent became the owner of the Hymes property. If so, and he was in possession at the time of Mrs. Joslyn's death, retained possession, and collected the rents there-

[2]START, C. J., absent, sick, took no part.

from, he was entitled to the same as the proceeds of his own property. Upon the other hand, if the Hymes lot did not pass to respondent under the terms of the will, then he should account to the executor for the amount collected.

The trial court found as a fact that prior to the death of Mrs. Joslyn the owner of the lot had surrendered possession of it to respondent, who had taken and retained possession as his mother's agent until her death, and had thereafter, through his tenants, remained in possession and collected rents amounting to $210. The court also held that title to the premises in question passed to respondent under the terms of the ninth clause of the will. The court found as a fact that Hymes had surrendered to Mrs. Joslyn all control and possession of the premises, but the finding does not justify the conclusion that on account of such possession she became the legal owner of the property. The right of redemption still remained, and the title did not ripen into a legal title until the expiration of the time for redemption.

In Lindley v. Crombie, 31 Minn. 232, 17 N. W. 372, in construing section 322, c. 66, G. S. 1878, (G. S. 1894, § 5471), it was said, first, that the title of the debtor does not pass until the time to redeem expires; second, that, notwithstanding such title does not pass at once on the sale, yet the purchaser acquires by the incomplete sale a right which, by whatever name it may be called, is assignable; and, third, that, if such right is assigned, the title, when it passes by lapse of time and nonredemption, vests by virtue of the statute in the assignee of such right. We are not aware that this holding has ever been overruled, although some controversy has arisen over the method by which the purchaser under the execution might assign his interest, and as to what rights the assignee would acquire by such assignment. It was held under an old statute (P. S. 1858, c. 61, §§ 113–116) that by its express terms the entire estate passed upon the sale, subject to be reinvested with the title upon redemption. Curriden v. St. Paul & N. P. Ry. Co., 50 Minn. 454, 52 N. W. 966.

Under our present statute the interest which Mrs. Joslyn had in the premises was not a legal title, subject to be defeated by redemption, but was an interest in the real estate which she could convey. The use of the words "real estate" in the devise raises the question whether by this term it was intended to include not only all real estate in the state of

Minnesota to which she had a legal title, but all right, title, and interest in property within the state of which she might be the owner. Section 255, subd. 8, G. S. 1894, defines real estate:

> "The word 'land' or 'lands,' and the word 'real estate,' shall include lands, tenements, hereditaments, and all rights thereto and interests therein."

Within the meaning of this statute, the equitable interest vested in Mrs. Joslyn by virtue of her possession as mortgagee and purchaser under the execution sale before the time for redemption expired was "real estate"; and by the words employed in the ninth clause she devised to her son, respondent, whatever interest she had in the premises. This disposes of the case.

Judgment affirmed.