PASQUALE CAMPOPIANO *vs* RHODE ISLAND COMPANY.

JUNE 1, 1916.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1) Carriers. Refusal to Accept Fare. Damages.*

Where a conductor acted in good faith in refusing to accept a coin tendered for fare by a passenger, which was as a matter of fact, legal tender, and there

was no improper or discourteous demeanor or language on the part of the conductor, the passenger can recover only compensatory damages, and the mere allegation of the plaintiff that he was humiliated and injured where the facts upon which such allegation is based do not warrant such conclusion is not sufficient.

(2)   *Carriers.   Refusal to Accept Fare.   Damages.*

Where a conductor acted in good faith in refusing to accept a coin tendered for fare by a passenger which was as a matter of fact, legal tender and there was no improper or objectionable behavior or language on the part of the conductor and the passenger borrowing the fare from another person was not ejected nor delayed nor inconvenienced in completing his trip, there is nothing on which to found even compensatory damages.

TRESPASS ON THE CASE.   Heard on exceptions of plaintiff and overruled.

VINCENT, J.   This is an action of trespass on the case brought to recover damages alleged to have been sustained by the plaintiff through the refusal of the conductor, in charge of one of the defendant's cars, to accept in payment of fare a Columbian half dollar, so-called, the same being legal tender of the United States of America.

The plaintiff being a passenger upon one of defendant's cars offered to the conductor thereof, in payment of his fare, what is known as a Columbian half dollar.   The conductor, presumably being unacquainted with that particular and sporadic coinage, refused to accept the same in payment of the plaintiff's fare and give him the required change, at the same time informing the plaintiff that he would be ejected from the car if he did not pay his fare, whereupon the plaintiff, being without other money, borrowed the sum of five cents from a fellow passenger and thus satisfied the demands of the conductor.

The plaintiff's declaration is in one count which after covering the facts substantially as above stated concludes as follows:   "And said plaintiff avers that said defendant, by its said servant and agent, then and there wholly failed to discharge its said duty to said plaintiff, as aforesaid.   And said plaintiff avers that by reason of the improper and illegal

act of said defendant's said servant and agent, to wit said conductor, as aforesaid, he, said plaintiff, was greatly humiliated and injured as a passenger upon said defendant's said trolley car and was insulted and improperly treated by said defendant's servant and agent, to wit, said conductor; and other wrongs and injuries said defendant, by its said servant and agent, as aforesaid, then and there did to said plaintiff."

To this declaration the defendant demurred alleging that it did not appear that the plaintiff had sustained any actual damage or injury as the result of the alleged acts of the defendant's conductor, nor did it appear that said acts were malicious, wilful or wanton, etc.

The demurrer was sustained in the Superior Court and to that decision the plaintiff excepted.

It will be observed from this declaration that the humiliation and injury to the plaintiff as well as the insult and improper treatment from which it is alleged he suffered is based wholly upon the facts and circumstances above recited. There is nothing in the declaration tending to show that the defendant's conductor acted otherwise than in good faith in the discharge of what he conceived to be his duty, mistaken though he may have been in his belief that the coin offered by the plaintiff in payment of his fare was spurious. Neither does it appear that the demeanor or language of the conductor during the entire affair was improper or discourteous.

The question before us is, was the Superior Court in error in sustaining the defendant's demurrer ? We do not think that it was.

If the conductor acted in good faith the plaintiff could recover only compensatory damages unless the acts complained of were accompanied by improper or abusive language or unnecessary force. *Atchison, Topeka & Sante Fe R. R. Co.* v. *Hogue*, 50 Kan. 40; *McLean* v. *Chicago, St. Paul, M. & O. Ry. Co.*, 50 Minn. 485. So far as appears in the case before us the conductor did act in good faith and without any objectionable behavior or language. The mere

allegation or averment of the plaintiff that he was humiliated and injured, when the facts upon which such allegation or averment is based do not warrant such a conclusion, is not sufficient.

The plaintiff was not ejected from the car, nor was he delayed or inconvenienced in completing his trip and we therefore see nothing in the case which would entitle him to compensatory damages.

The plaintiff's exception is overruled and the case is remitted to the Superior Court for further proceedings.

*William M. P. Bowen*, for plaintiff.
*Clifford Whipple, Frederick W. O'Connell*, for defendant.