SAMUEL H. LINDLEY *vs.* WILLIAM CROMBIE.

November 17, 1883.

**Execution Sale of Land—Conveyance of all Purchaser's Interest, etc.,
in the Land.**—The right, during the time for redemption, acquired by
the purchaser at an execution sale, will pass by his deed whereby he
"grants, bargains, sells, releases, and quitclaims" "all right, title, inter-
est, claim, or demand" in or to the land; and when the time to redeem
expires without redemption, the title under the execution sale will vest
in the grantee in the deed.

Action by vendor against purchaser in the district court for Ram-
sey county, for specific performance.    Defence, insufficiency of title.
The title shown by the vendor, and which the purchaser refused to
accept, was derived through a conveyance from Taylor, made January
16, 1883, after the deed to Baldwin mentioned in the opinion, and
after the expiration of the time for redemption from the execution
sale at which Taylor had purchased.    The action was submitted to
*Wilkin,* J., on agreed statement of facts, and judgment was ordered
and entered for plaintiff, from which the defendant appeals.

*Willis & Willard,* for appellant, cited *Dickinson* v. *Kinney,* 5 Minn.
332, (409;) *James* v. *Wilder,* 25 Minn. 305.

*Samuel Hill,* for respondent, cited *Hill* v. *Edwards,* 11 Minn. 5,
(22;) *Everest* v. *Ferris,* 16 Minn. 14, (26;) *Benton* v. *Nicoll,* 24 Minn.
221; *Loy* v. *Home Ins. Co.,* Id. 315; Gen. St. 1878, *c.* 81, § 17, (as to
mortgage sales,) identical with Gen. St. 1878, *c.* 66, § 327, (as to exe-
cution sales;) *Parke* v. *Hush,* 29 Minn. 434.

GILFILLAN, C. J.    Taylor, in 1876, caused real estate to be sold on
execution in his favor, and became the purchaser.    Before the time
for redemption expired, he executed a deed to Baldwin, whereby he
did "grant, bargain, sell, release, and quitclaim" to him "all right,
title, interest, claim, or demand in or to" the real estate.    There was
no redemption, and the question is, in whom, in Taylor or in Bald-
win, did the title vest at the end of the time for redemption?    The
statute provides (Gen. St. 1878, *c.* 66, § 322) that, at the end of the
time for redemption, the certificate of sale shall operate as a convey-

ance "to the purchaser or his *assigns*" of all the right, title, and interest of the person whose property is sold, in and to the same, at the date of the lien upon which the same was sold. From this it is apparent—*First*, that the title of the debtor does not pass until the time to redeem expires; *second*, that, notwithstanding such title does not pass at once on the sale, yet the purchaser acquires by the incomplete sale a right which, by whatever name it may be called, is assignable; and, *third*, that if such right is assigned, the title, when it passes by lapse of time and non-redemption, vests, by virtue of the statute, in the *assign* of such right.

The decisions of this court are to the effect that the title of the mortgagor or judgment debtor does not pass to the purchaser till the time to redeem expires. *Daniels* v. *Smith*, 4 Minn. 117, (172;) *Donnelly* v. *Simonton*, 7 Minn. 110, (167;) *Horton* v. *Maffitt*, 14 Minn. 216, (289;) *Loy* v. *Home Ins. Co.*, 24 Minn. 315. In some of these cases, the language in the opinions used to express this goes further, and indicates that till then the purchaser acquires no rights or interests that he can convey. This language may have had, and probably has had, the effect to mislead as to what was really decided. But none of them holds that he does not acquire a right which he can assign.

If, in this case, the description in the deed is sufficient to include such a right, it passed by the deed to Baldwin, and the title of the debtor passed to him when the time to redeem expired. Is it a right, interest, claim, or demand in or to the land sold? It certainly is not a claim against any person, nor right or interest to or in anything other than the land. The statute (Gen. St. 1878, c. 66, § 327) treats it as some sort of interest in land. "The interest acquired upon any sale is subject to the lien of any attachment or judgment duly made or docketed against the person holding the same, as in the case of real property, and may be attached or sold upon execution in the same manner." The vendee in a recorded contract to convey real estate has, in law, no title or estate in the land; he has only a right that the title shall be vested in him according to the terms of the contract. Could any one claim that the deed of such vendee, in the terms of this deed, would not show an intent to pass the vendee's right under

the contract, especially if it were the only right he had with respect to the land? We think not. Nor do we see how it can be claimed that Taylor's deed does not show an intent to pass a somewhat similar right, a right to have the title vest in him by lapse of time, if not prevented by redemption.

Judgment reversed, and let the court below enter judgment for the defendant.