## In re AREND.
## No. 5661.

District Court, W. D. Michigan, S. D.
July 12, 1934.

Charles W. Gore, of Benton Harbor, Mich., for debtor.

William R. Stevens, of St. Joseph, Mich.; for petitioning creditors.

RAYMOND, District Judge.

This matter is before the court upon petition by E. G. Smith, Ida Smith, and Zilpah A. Smith for review of an order of the conciliation commissioner of Berrien county, Mich., whereby a motion to dismiss the debtor proceeding was denied and the debtor granted an extension of three months from April 19, 1934, for the purpose of making further composition offers to petitioners, who are the mortgagees named in debtor's petition.

It appears that on August 19, 1933, debtor's property was sold in foreclosure proceedings and that the equity of redemption expired February 19, 1934, whereupon the mortgagees became entitled to the possession of the property. The mortgage was originally for the principal sum of $3,800, but accumulated interest and taxes paid by mortgagees brought the total amount due at the time of sale to approximately $6,000. It appears that in November, 1933, application was made by debtor for a loan from the Federal Land Bank of St. Paul, and that it later was approved in the sum of $5,300. While there is some dispute in the testimony, it was established by competent evidence that in January, 1934, petitioners verbally agreed to accept in full settlement of their claim the sum of $5,300 in cash, provided the same was paid within ten days. In the latter part of March, no payment having been made, petitioners instituted statutory proceedings to obtain possession of the land. On April 9, 1934, the petition of debtor under section 75 of the Bankruptcy Act (11 USCA § 203) was filed in this court and an order made approving the same. The mortgagees appeared before the commissioner and moved to dismiss the proceedings. The motion was denied and an order made extending time as hereinbefore stated.

Upon hearing of the petition for review, testimony was submitted and briefs have been filed. After careful consideration thereof, the court is of the opinion that the order for extension of time was erroneous and that the motion to dismiss should be granted. It appears from examination of debtor's petition and from the testimony adduced that the sole purpose of this proceeding is to obtain time to negotiate and complete a loan with the Federal Land Bank. The testimony clearly shows that the debtor intentionally omitted from his schedule of indebtedness several substantial amounts owing to various creditors and listed only the mortgage indebtedness. No attempt was made to car-

ry out the essential purpose of the act, which is to obtain extensions of time to pay debts or to make compromises with creditors. The statute does not contemplate such a proceeding as the present.

█ It is also the view of the court that the rights of a mortgagee who has duly foreclosed his mortgage cannot be affected by such proceedings after the date of expiration of the period for redemption. Under the law of Michigan, when that time arrives, he has become vested with an absolute and indefeasible title to the property, and no longer occupies the status of creditor. Section 14372 of the Compiled Laws of Michigan of 1929 provides that, unless the premises shall be redeemed within the time limited, the deed of the official making the sale upon foreclosure shall "become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter." After the title has so vested, the relation of mortgagor and mortgagee no longer exists, and the title cannot be affected by debtor proceedings under section 75 of the Bankruptcy Act.

An order will accordingly be granted setting aside the order of extension made by the commissioner and granting petitioners' motion to dismiss the petition filed by debtor on April 9, 1934.