**In re SMITH.**

No. 2509.

District Court, E. D. Illinois.

Sept. 14, 1934.

Walter V. Dysert, of Danville, Ill., and W. O. Edwards, of Pinckneyville, Ill., for petitioner.

W. M. Acton, of Danville, Ill., for respondent.

LINDLEY, District Judge.

This is a proceeding instituted under section 75 of the Bankruptcy Act, added by Act March 3, 1933, as amended (11 USCA § 203), by the debtor, who alleges that he is a farmer. Upon his application, the court heretofore entered an order restraining temporarily one A. H. Skelton from proceeding to enforce a judgment in forcible entry and detainer for the possession of 57¼ acres of land and restraining the court before whom said judgment was entered from enforcing said judgment.

About August 17, 1933, the debtor contracted to buy the land from Skelton and to pay for the same in installments, $2,600 with interest, insurance, and taxes. The contract contemplated that the debtor might mine and remove coal from the premises upon paying the vendor 25 cents per ton for same. The purchaser entered into possession of the land and removed a substantial amount of coal, for no considerable amount of which he has paid Skelton. He has not paid the taxes, the insurance or any of the installments due on the purchase price, and Skelton claims that there is due him $2,991.27.

Skelton caused a notice of forfeiture of the contract to be served, and, following that, instituted suit for possession of the premises. The court apparently found that the total amount claimed by Skelton is due under the provisions of the contract; and that the debtor was in default and the vendor entitled to recover the possession of the premises. This judgment remains in full force and effect. No appeal has been or can be taken, as the time for such action has expired.

The debtor claims that he owes the vendor nothing, but that, upon proper accounting, the latter is indebted to him and that the judgment was erroneous. He excuses his failure to take an appeal by a plea of poverty and inability to furnish an appeal bond.

Obviously, unless the judgment is invalidated by the Bankruptcy Act (11 USCA), it is res adjudicata of the rights of the parties and, standing unreversed, fixes for all

time the facts and rights therein adjudicated. No collateral attack can be made thereupon, and this court is not authorized to order any restraint of such adjudication of the parties' rights, unless there is some provision in the Bankruptcy Act which vests in this court a paramount jurisdiction over this judgment.

Previously existing sections of the Bankruptcy Act granted to the bankruptcy court power to stay proceedings upon judgments obtained within four months previous to the date of filing the petition, provided same have to do with dischargeable debts. To that extent, Congress has authorized the court of bankruptcy, in pursuance of its constitutional powers, as a court of paramount jurisdiction, to set aside and avoid the liens of judgments and to compel the judgment creditors to accept their pro rata share of the debtor's estate equally with unsecured creditors. Congress has never attempted to vest in the court of bankruptcy any additional jurisdiction under the bankruptcy law over judgments prior to the amendments of 1933, 1934. The judgments in the state court, which the court of bankruptcy might stay, were those that had to do with dischargeable debts. The provision authorizing stay of judgments or suits brought in the state court did not apply to suits brought to enforce an asserted right in rem under the laws of such state. Tennessee Producer Marble Co. v. Grant et al. (C. C. A.) 135 F. 322.

Section 75, under which the present proceeding was brought, was enacted by Congress March 3, 1933, for the purpose of aiding farmers to procure extensions or compositions with their creditors, and it is therein provided in subdivision (o), 11 USCA § 203 (o) that suit shall not be instituted or maintained in any court against the farmer or his property, after the filing of the petition, for foreclosure of a mortgage on land or for cancellation, rescission, or specific performance of an agreement for sale of land or to recover possession of land. Under subdivision (n), 11 USCA § 203 (n) the filing of the petition subjects the farmer and his property, wherever located, to the exclusive jurisdiction of the court, and the court's jurisdiction is the same as if a voluntary petition for adjudication had been filed.

These sections extend the jurisdiction of the bankruptcy court in the respects mentioned, but they are silent as to any power in the court to take possession of and administer real property, the possession of which another court has, prior to filing of the petition, directed should be delivered to a third person. Congress has not vested in the court of bankruptcy any right to sit as a court of review of a final judgment obtained in a state court fixing property rights. It is vested with jurisdiction to stay suits brought to recover dischargeable debts and to stay proceedings upon judgments obtained within four months prior to the filing of petition to recover dischargeable debts, but it has no jurisdiction to review or stay a judgment of a state court having jurisdiction of the parties, which fixes title or right to possession of real estate. The judgment having been entered prior to the filing of the petition herein, this court is powerless to take any steps with regard to property affected thereby.

That such was the intent of Congress in the recent legislation appears from the language of subdivision (m), section 74 as amended (11 USCA § 202 (m), wherein it is provided that such proceeding shall not affect any suit in any court in which a final decree has been entered. True it is that section 75 includes no such provision, but the bankruptcy court has only such jurisdiction as is granted, and, inasmuch as the jurisdiction vested by Congress in the courts is limited to restraint of suits and there is no provision granted or authority to restrain judgments fixing rights to real estate, there can be no reasonable contention that there is any jurisdiction here to restrain enforcement of this judgment.

Accordingly, the motion of the respondents to dissolve the order, so far as the judgment for possession is concerned, is hereby allowed and the restraining order, to such extent, is dissolved.