**In re COMPTON.**

No. 7873.

District Court, D. Maryland.

Sept. 19, 1934.

Robert H. McNeill and John W. Cleaton, both of Washington, D. C., for debtor.

James E. Boylan, Jr., of Westminster, Md., for Birnie Trust Co.

CHESNUT, District Judge.

In this case the petition of the debtor was filed on July 3, 1934, under section 75 of the Bankruptcy Act as amended by subsection (s) of said Act approved June 28, 1934, 11 USCA § 203 (s). In ordinary course an order of court was signed staying mortgage foreclosure proceedings against the debtor. Thereafter, on July 24, 1934, the Birnie Trust Company, a Maryland corporation located at Taneytown, Carroll County, Maryland, filed its petition reciting that it was the mortgagee of a farm containing 153 acres more or less, which mortgage had been made to it by a former owner of the property, John D. Albaugh and wife, on December 23, 1922, and the equity of redemption in the property had thereafter been conveyed to the said debtor, Charles A. Compton; and upon default having occurred under the terms and conditions of said mortgage it had been assigned for foreclosure to James E. Boylan, Jr., who docketed suit in the Circuit Court for Carroll County, sitting as a court of equity, and on March 17, 1934, sold the property to the Birnie Trust Company, which sale had been duly reported to and finally ratified and confirmed by the Circuit Court for Carroll County, on April 4, 1934; and that thereafter the said Charles A. Compton refused to deliver possession of the property, and on June 6, 1934, the purchaser obtained an order of said court against the said Compton to show cause on or before June 27, 1934, why a writ of habere facias possessionem should not issue; and thereafter no cause having been shown the said court on July 11, 1934, directed the issuance of the writ, which had not been served because of the restraining order passed by this court on July 13, 1934. The petition prayed for a modification of the restraining order so far as it prevented the Birnie Trust Company from evicting the said debtor. On the same day, July 24, 1934, this court passed an order requiring the said Charles A. Compton to show cause on or before August 4, 1934, why the restraining order should not be rescinded. To this the debtor filed an answer setting out the provisions of subsection (o) of section 75 of the Bankruptcy Act (as

amended by Act approved March 3, 1933) relating to a stay of proceedings against farmer debtors; and further stating that the said debtor had not resisted the mortgage foreclosure proceedings acting on the (verbal) assurance of the Birnie Trust Company that it would not take possession of the property for at least a year from the time of the foreclosure sale, during which time the debtor would be allowed to refinance. On August 22, 1934, the Birnie Trust Company filed a further petition reciting that the said debtor still continued in occupation of the property, that it was being subjected to waste and asking for a prompt hearing of the cause, and it was thereupon set for hearing on September 6, 1934, and has been duly heard.

It further appeared at the hearing that in due course after the final ratification of the mortgage foreclosure sale a deed had been executed by the assignee for foreclosure to the purchaser; that the property had been sold for about $6,000 which was a sum approximately the amount of the mortgage debt and it is contended, but without submission of proof, that the real value of the property is in excess of this sum.

The situation in this case is very similar to that existing in the case of Matter of William W. Bradford, Jr., 7 F. Supp. 665, in which I have today filed an extended opinion reviewing the recent bankruptcy legislation, in which the conclusion was reached that subsection (s) of section 75 of the Bankruptcy Law is unconstitutional. The stay of the mortgage foreclosure proceedings was therefore refused. It is unnecessary to repeat here what was there said.

■ There is also another reason why the stay should be vacated. This case differs from the Bradford Case in that here the mortgage foreclosure sale in the state court had been *finally ratified* by the court, the purchaser had complied with the terms of sale, the assignee for foreclosure proceedings had executed and delivered a deed for the property to the purchaser; and the owner of the equity of redemption refusing to vacate, the court had ordered that he be dispossessed. In the Bradford Case the sale had not been finally ratified by the state court.

The Maryland Code, article 66, subject "Mortgages," § 11 (Bagby's Annotated Code of Maryland of 1924), provides: "All such sales, when confirmed by the court and the purchase money is paid, shall pass all the title which the mortgagor had in the said mortgaged premises at the time of the recording of the mortgage." I regard it as entirely

clear under the Maryland law that all title and ownership in the mortgaged property had passed by the finally confirmed judicial sale to the purchaser and away from the debtor prior to the filing of his petition in this court. The Maryland law does not give any period for redemption to a mortgagee after such a finally consummated sale. No right or title remained in the debtor in and to this property at the time of filing his petition. It was not *his* property; therefore it is not directly subject to administration in bankruptcy. Clearly if the bankrupt had sold his equity of redemption in the property and transferred it by deed prior to the filing of his petition, it would be beyond the jurisdictional power of the bankruptcy court to deal with it as his property. In my opinion the state court judicial sale in this case was equally effective.

■ Of course if the sale had been made in fraud of creditors, which is not alleged, or if the debtor had other reasons for vacating it, his right would pass to his trustee, to be exercised, however, only in a separate suit and plenary proceeding against the vendee. Weidhorn v. Levy, 253 U. S. 268, 40 S. Ct. 534, 64 L. Ed. 898; MacDonald v. Plymouth County Trust Co., 286 U. S. 263, 52 S. Ct. 505, 76 L. Ed. 1093.

It is true the debtor here alleges a verbal understanding and agreement with the purchaser with regard to continued possession of the property and possible refinancing. It may be that the facts so alleged (which, however, are not admitted by the purchaser) could be made the basis of an independent proceeding to establish the rights of the parties, but I think it is entirely clear that such allegations cannot be summarily heard and disposed of in the ordinary bankruptcy administration.

■ The debtor puts reliance on his continued possession of the property and points to the provision of subsection (o) of section 75 of the Bankruptcy Act that certain proceedings shall not be maintained against him after the filing of his petition except upon petition made to and granted by the judge after hearing and report by the conciliation commissioner. Among the proceedings so to be stayed are proceedings for foreclosure of mortgages and proceedings "by way of execution." It is said that the issuance of the writ of habere facias possessionem by the state court is in the nature of an execution. But I do not so construe the statute. The proceeding by execution therein referred to would clearly seem to mean process of execu-

tion to satisfy an indebtedness against property still belonging to the debtor. In my opinion it clearly does not include the writ of possession issued by the court in this case after the completely consummated mortgage foreclosure proceedings. It was the· duty of the debtor in this case to have vacated this property upon demand of the purchaser and his continued occupation of it was contrary to the effect of the orders of the Circuit Court for Carroll County. He was a mere trespasser on the land, under the effect of those proceedings. If he had an equitable claim to remain in possession as he now asserts, it could properly have been presented to that court. It is possible that it may not be too late for him now to present that contention in a petition filed in that court for such action as it may deem proper. But what has there been done precludes the collateral attack thereon by any summary proceeding in this court.

Therefore, whether the stay is requested under subsection (*o*) or subsection (s) of section 75 of the Bankruptcy Act, it should be denied, and the order heretofore granted ex parte should be vacated.

For these reasons I have signed an order rescinding the ex parte order of this court passed on July 13, 1934, staying proceedings against the debtor, insofar as it relates to the mortgage foreclosure proceedings referred to.