**In re KLEIN et al.**
Nos. 3525, 3540.

District Court, D. Minnesota,
Second Division.

Dec. 22, 1934.

mined in light of subsections (n) and (o) of section 75 (11 USCA § 203 (n, o), Agricultural Compositions and Extensions. These two subsections read as follows:

"(n) The filing of a petition pleading for relief under this section shall subject the farmer and his property, wherever located, to the exclusive jurisdiction of the court. In proceedings under this section, except as otherwise provided herein, the jurisdiction and powers of the court, the title, powers, and duties of its officers, the duties of the farmer, and the rights and liabilities of creditors, and of all persons with respect to the property of the farmer and the jurisdiction of the appellate courts, shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the farmer's petition or answer was filed.

"(o) Except upon petition made to and granted by the judge after hearing and report by the conciliation commissioner, the following proceedings shall not be instituted, or if instituted at any time prior to the filing of a petition under this section, shall not be maintained, in any court or otherwise, against the farmer or his property, at any time after the filing of the petition under this section, and prior to the confirmation or other disposition of the composition or extension proposal by the court:

"(1) Proceedings for any demand, debt, or account, including any money demand;

"(2) Proceedings for foreclosure of a mortgage on land, or for cancellation, rescission, or specific performance of an agreement for sale of land or for recovery of possession of land;

"(3) Proceedings to acquire title to land by virtue of any tax sale;

"(4) Proceedings by way of execution, attachment, or garnishment;

"(5) Proceedings to sell land under or in satisfaction of any judgment or mechanic's lien; and

"(6) Seizure, distress, sale, or other proceedings under an execution or under any lease, lien, chattel mortgage, conditional sale agreement, crop payment agreement, or mortgage."

Harry H. Peterson, Atty. Gen., and Matthias N. Orfield, Asst. Atty. Gen., amici curiæ, for petitioners Klein.

Meighen, Knudson & Sturtz, of Albert Lea, Minn., for Insurance Company.

NORDBYE, District Judge (after stating the facts as above).

The sufficiency of the first objection urged by the insurance company must be determined

At the time the petitions were filed in this court praying for relief under this section, the real estate had been sold to the mortgagee more than four months previous, and the sheriff's certificate which was issued to the mortgagee at the time of the sale would ripen into an absolute title without any further pro-

ceedings if the property was not redeemed in accordance with the statutes of the state; that is, the title would become absolute at the expiration of the period of redemption without any further sale or other act to be performed by anybody. In Minnesota, the sheriff's certificate executed and delivered on August 25, 1933, would become automatically a sheriff's deed, without any further act or instrument, if the property was not redeemed. Section 9613, Mason's Minn. St. 1927, provides:

"Whenever any sale of real property is made under a power of sale contained in any mortgage, the officer shall make and deliver to the purchaser a certificate, executed in the same manner as a conveyance, containing:

"1. A description of the mortgage.

"2. A description of the property sold.

"3. The price paid for each parcel sold.

"4. The time and place of the sale, and the name of the purchaser.

"5. The time allowed by law for redemption.

"Such certificate shall be recorded within twenty days after such sale, and when so recorded, upon expiration of the time for redemption, shall operate as a conveyance to the purchaser or his assignee of all the right, title, and interest of the mortgagor in and to the premises named therein at the date of such mortgage, without any other conveyance whatever."

Further, under the laws of this state, the insurance company, after purchasing this property for the total amount of its mortgage and claim against the mortgagors, was no longer a creditor of the Kleins, but a purchaser of the premises with a vested right to become an absolute owner of the premises, or. in lieu thereof, the payment of its bid by the redeemer. Lindley v. Crombie, 31 Minn. 232, 17 N. W. 372; Whitney v. Huntington, 34 Minn. 458, 26 N. W. 631, 57 Am. Rep. 68; Evans v. Rhode Island Hospital Trust Company, 67 Minn. 160, 69 N. W. 715, 1069. Lapse of time alone would vest the insurance company with absolute title in the absence of redemption. The debtors, however, had an equity of redemption under the laws of this state, and were entitled to the possession of the premises during the one-year period of redemption. It is evident, therefore, that the only right or interest in this property which became subject to the exclusive jurisdiction of the bankruptcy court was the right of redemption. But the bankruptcy court is exclusive in its jurisdiction of the equity of redemption that was vested in the mortgagors, and this right or equity is to be regarded as in custodia legis from the filing of this petition. Straton v. New, 283 U. S. 318, 51 S. Ct. 465, 75 L. Ed. 1060. However, the validity of pre-existing liens attaching before the four-month period is not affected by the filing of an involuntary petition, although the bankruptcy court may, in the interest of general creditors, supervise and regulate the method of enforcing the lien in order to obtain as much as possible for the general creditors. It is well-recognized bankruptcy practice that a foreclosure of a mortgage pending at the time of the filing of the petition may be restrained if it appears that there is some equity for the creditors over and above the mortgage debt. An interesting discussion of this subject with copious citations of authorities will be found in First Trust Company v. Baylor, 1 F.(2d) 24 (8 C. C. A.). But it is also well-recognized that, unless the bankruptcy court takes some affirmative step to restrain or enjoin the foreclosure, the lien may be enforced, and is not in any way affected, nor the proceedings stayed by the mere filing of the petition. Ward v. First National Bank of Ironton, 202 F. 609, 612 (6 C. C. A.); In re Goldsmith (D. C.) 118 F. 763, 767. Subsection (n) of section 75 (11 USCA § 203 (n), therefore, merely reiterates and reaffirms the exclusive authority that was vested in the bankruptcy court over the estate of the bankrupt before the adoption of section 75. In the instant case, no steps were taken by the bankruptcy court to interfere with the running of the period of redemption, and it is clear that the sheriff's certificate issued on August 25, 1933, ripened into an absolute title on August 25, 1934, unless subsection (o) of section 75 (11 USCA § 203 (o), by its terms enlarged, extended, or tolled the statutory period of redemption. "Bankruptcy does not extend the period of redemption. It could not prolong the period, for the purchaser at the sale, not a party to the bankruptcy, has a vested right in the matter." Garber v. Bankers' Mortgage Co., 27 F.(2d) 609, 612.

It would appear that the term "proceedings," as used in the various subdivisions of subsection (o), contemplates certain steps to be taken and certain acts to be done in furtherance of the matter affecting the debtor or his property. No proceedings were instituted by the mortgagee after the filing of the petition in the instant case. The mortgage foreclosure proceedings were complete when the property was struck off to the insurance com-

pany·as the·highest bidder on August 23, 1933, nearly a year before the petition was filed. After the purchase, the mortgagee was not required to do anything in connection with the proceeding. By virtue of the laws of this state, it became vested with absolute title on August 25, 1934, unless the property was redeemed. Subsection (o) of section 75 states, however, that not only shall no proceedings be instituted, but no proceedings shall be maintained after the filing of the petition, and prior to the confirmation, or other disposition of the petition by the court. To maintain is to carry on; to continue. It contemplates some affirmative act on the part of some one before the matter affecting the debtor or his property is finally terminated. No proceedings were being carried on or continued by the insurance company after the filing of the petition. The proceedings were completed. The rights of the parties became fixed by the state statute. If the act intended that the filing of the petition should extend the time to redeem under the circumstances herein, there would be found an express provision to that effect. When subsections (a) to (r) of section 75 were adopted, there was no intention on the part of Congress to reduce the amount or impair the lien of a secured creditor—merely the time and method of liquidation. Apparently it was assumed that, under the supervision of the conciliator, the debtor might be able to effect a composition or an extension of his debts. In light of the purpose of this act, it was deemed necessary that all pending proceedings should be stayed during the attempt on the part of the debtor to effect such a compromise or extension. Therefore, the act provides that any proceedings in execution, attachment, or foreclosure, etc., should be held in abeyance pending the consideration of the debtor's petition. But the very provisions used by Congress indicate that it intended to stay matters in which something remained to be done, in court or otherwise, before the proceedings were completed, and negative the contention that the period of redemption would be disturbed after it commenced to run, or that the act intended to affect vested rights procured under a state statute. Foreclosure proceedings vary in the different states of the Union. It is hardly conceivable that Congress, by the language used in this act, intended in some nebulous manner to enlarge or extend the period of redemption where foreclosure proceedings had been entirely completed, and by lapse of time without any act or proceeding the contingent title of the purchaser becomes absolute. It

appears that there is a junior mortgage on the property. Under the Minnesota statutes (Mason's Minn. St. 1927, § 9627), a junior mortgagee would have five days after the expiration of the year to redeem. If the debtors' position is sound that the filing of the petition in some manner tolls the period of redemption, was it intended by Congress that subsection (o) should supplant and supersede the statutory rights of a junior mortgagee or other creditors with reference to their rights to redeem? Assume in this case, for instance, that the debtors are unable to effect any agreement with their creditors by way of composition or extension, and the proceeding fails, when may the junior lienholders redeem? Again, if, after the filing of the petition, the composition or extension proceedings were dismissed before the time to redeem expired, so that subsection (o) no longer applied, would the period of redemption be extended by reason of the so-called tolling of the statutory period to redeem? A mere recital of the many contingencies that may arise emphasizes the compelling objections to the debtors' construction of the statute.

The court does not now determine what right, if any, Congress may have in extending or modifying the statutory right to redeem under a mortgage foreclosure proceeding, but if it does have that right under its bankruptcy powers, it is clear that it did not indicate such intention in section 75. The act is silent as to any jurisdiction that is to be exercised by the bankruptcy court over the rights obtained by the holder of a sheriff's certificate or the mechanics to be employed in supplanting the redemption laws in some forty-eight states. A mortgage deed is a conveyance of real estate. It passes a defeasible title which is perfected by foreclosure. It has been generally recognized that state laws must govern in descent, alienation, or transfer of real estate. Bankruptcy courts have been clothed with no authority to supersede the state laws in this regard, and the legislative enactments of the various states must be paramount and binding on both state and federal courts. United States v. Crosby, 7 Cranch, 115, 3 L. Ed. 287; Clark v. Graham, 6 Wheat. 577, 5 L. Ed. 334; McGoon v. Scales, 9 Wall. 23, 19 L. Ed. 545; Brine v. Hartford Fire Ins. Co., 96 U. S. 627, 24 L. Ed. 858.

The precise question presented to this court has not been directly passed upon by any other court. In re Bradford (D. C.) 7 F. Supp. 665, 26 A. B. R. (N. S.) 1, the court had under consideration a mortgage foreclo-

sure proceeding, but determined that subsection (o) was no longer applicable because the debtor had amended his petition in order to obtain the benefits of subsection (s), approved June 28, 1934—the so-called Frazier-Lemke Act (11 USCA § 203 (s). The court did find, however, that subdivision (7) of subsection (s), 11 USCA § 203 (s) (7), by its terms stayed the mortgage foreclosure proceedings that were pending against the debtor. The court apparently adopted the construction advocated by the debtor that the words "all proceedings" appearing in subdivision (7) referred to the proceedings in other courts. However, it should be noted that, under the statutory proceedings of the state of Maryland governing the foreclosure of mortgages, the sale in the Bradford Case had not been ratified by the court, and the purchase money had not been paid, nor had the deed been delivered. Hence, under the Maryland law, the equitable title of the mortgage debtor had not passed from him. Apparently, under the laws of that state, there is no right of redemption. In a companion case, in the Matter of Charles A. Compton (D. C.) 7 F. Supp. 676, decided by the same court and found in 26 A. B. R. (N. S.) 22, the court held that, neither under subsection (o) nor subsection (s) of section 75 of the Bankruptcy Act could the debtor obtain any stay of proceedings where the sale had been finally ratified by the state court prior to the filing of the petition under this section.

A recent decision which is helpful is to be found in Re Smith (D. C.) 7 F. Supp. 863. There, a contract for the purchase of real estate had been cancelled prior to the filing of the petition under section 75, but proceedings were pending to eject the debtor from the property. Apparently a judgment had been entered by the state court entitling the vendor to recover the possession of the premises before the filing of the petition. The judgment was final, the time to appeal having expired. In commenting upon section 75, the court stated (page 864 of 7 F. Supp.): "These sections extend the jurisdiction of the bankruptcy court in the respects mentioned, but they are silent as to any power in the court to take possession of and administer real property, the possession of which another court has, prior to filing of the petition, directed should be delivered to a third person. Congress has not vested in the court of bankruptcy any right to sit as a court of review of a final judgment obtained in a state court fixing property rights. It is vested with jurisdiction to stay suits brought to recover dischargeable debts and to stay proceedings upon judgments obtained within four months prior to the filing of petition to recover dischargeable debts, but it has no jurisdiction to review or stay a judgment of a state court having jurisdiction of the parties, which fixes title or right to possession of real estate. The judgment having been entered prior to the filing of the petition herein, this court is powerless to take any steps with regard to property affected thereby."

On September 14, 1934, when this matter was before the conciliation commissioner, the time to redeem had expired. No order had been made by any court extending the period of redemption. Under the laws of this state, the insurance company became the absolute owner of the property on August 25, 1934. Consequently, there is not now any property right or interest in the real estate under consideration that the bankruptcy court can administer. In re Goldman (D. C.) 102 F. 122.

In view of the court's conclusions herein, it is not necessary to pass upon the other objections noted in the motion. It follows, therefore, that the insurance company is the owner in fee of the real estate described herein, and the proceedings under section 75 of the Bankruptcy Act must be dismissed as to such real estate and as to the insurance company.

It is so ordered.