## In re STACY.

District Court, D. Minnesota, Fourth Division.

Dec. 26, 1934.

Strong, Covell & Strong, of Minneapolis, Minn. (Thos. P. Welch, of Buffalo, Minn., of counsel), for petitioners.

Henry Spindler, of Buffalo, Minn. (C. A. Pidgeon, of Minneapolis, Minn., of counsel), for bankrupt.

Harry H. Peterson, Atty. Gen., and Matthias N. Orfield, Asst. Atty. Gen., amicus curiæ for the bankrupt.

MOLYNEAUX, District Judge.

The proceeding is before the court upon an order to show cause issued by the court on the petition of Louis D. Roberge and Sarah Roberge, requiring the bankrupt to show cause why the court should not make its order:

1. Dismissing the petition of Sherman U. Stacy, bankrupt, as to the petitioners, Louis D. Roberge and Sarah Roberge and as to the land involved described in the petition.

2. Enjoining and prohibiting the bankrupt, Sherman U. Stacy, from doing any act or thing by virtue of or under this proceeding in any way interfering with these petitioners, Louis D. Roberge and Sarah Roberge, as owners of the sheriff's certificate of sale hereinafter mentioned in the enforcement of their rights thereunder.

3. Expressly eliminating from any consideration in these proceedings, under section 75 of the Bankruptcy Act as amended, the real estate involved herein, and for such other relief as to the court may seem meet and just.

The relative facts as shown by the proceedings had herein and by the evidence adduced are as follows:

Sherman U. Stacy and his wife, Nettie M. Stacy, made and delivered to Louis D. Roberge their certain promissory note in the sum of ——— and a mortgage securing the same covering and mortgaging the land then owned by said Sherman U. Stacy, described as follows, to wit: "The West Half of the Northwest Quarter (W½ NW¼) and the West Half of the East Half of the Northwest Quarter (W½ E½ NW¼), less highway, all in Section One (1) Township One hundred eighteen (118) Range Twenty-six (26) Wright County, State of Minnesota," which mortgage was duly filed in the office of the register of deeds in and for Wright county, Minn., on the 12th day of June, 1928, and recorded in Book 54 of Mortgage Records, page 474, and which said mortgage was thereafter duly assigned by said Louis D. Roberge to John S. Roberge and thereafter was duly assigned by said John S. Roberge to Louis D. Roberge and Sarah Roberge as joint tenants and not as tenants in common. Thereafter said mortgage and note became in default, and such proceedings were had that said mortgage was duly foreclosed on the 28th day of July, 1933, the property was duly sold in said foreclosure proceedings to the petitioners herein, Louis D. Roberge and Sarah Roberge, and the usual sheriff's certificate of sale and sheriff's affidavit with accompanying papers duly executed, all in accordance with the law of Minnesota, were delivered to petitioners, which said certificate of sale and affidavit and accompanying papers were duly filed in the office of said register of deeds for Wright county on the 29th day of July, 1933, and recorded in Book 111 of Deeds, page 93, and said petitioners have ever since been and now are the owners and holders of said sheriff's certificate of sale. Said property was sold and bid in by petitioners for the full amount of said note and debt secured by said mortgage, including the expense of foreclosure and sale, amounting to $12,920.65. Since said sale taxes on said property were paid by said petitioners, which, together with interest to date, amounts to about the sum of $15,000 necessary to redeem said property from said sale.

The period of redemption from said foreclosure sale expired July 28, 1934.

Just prior to the expiration of the year of redemption, the said Stacys applied to the state district court for Wright county, Minn., for extension of the period of redemption of said foreclosure sale under the State Mortgage Moratorium Law, chapter 339, Session Laws of Minnesota 1933, which

matter is still pending before said district court; no determination thereof having as yet been made. Proceedings in this case have been had as follows:

On July 25, 1934, subsequent to the institution of the state moratorium action the debtor filed his petition stating his desire to effect a composition or extension of time to pay his debts under section 75 of the Bankruptcy Act. The case was in due course referred to Harry West as conciliation commissioner. The farmer, Sherman U. Stacy, filed with the conciliation commissioner a schedule of his debts and assets. From the schedule of debts and assets it appears that his debts totaled $16,643.24 and his assets $24,590. The petitioners, the Roberges, were listed as secured creditors; they being, as before stated, owners and holders of said sheriff's certificate of sale.

At the first opportunity said Roberges entered objections in said conciliation proceedings before said conciliation commissioner, Harry West, objecting to the jurisdiction of said court. The court then entered an order overruling the objections and denying the prayer for dismissal as to the Roberges and this land, without prejudice as to later raising the same objections.

The matter proceeded before the conciliation commissioner and a composition proposal was submitted, which was rejected by the creditors, as appeared by the report of the conciliation commissioner returned and filed in this court.

The conciliation commissioner having made his report certifying failure to obtain a settlement, this court made its order approving and confirming said report and dismissing said conciliation proceedings.

Sherman U. Stacy then filed his amended petition under section 75 (s) of the Bankruptcy Act, praying that he be adjudged a bankrupt and that he be granted certain relief under the so-called Frazier-Lemke Act, section 75 of the Bankruptcy Law as amended.

In the order of this court filed herein on September 22, 1934, said amended petition was ordered filed, and his request to proceed under the so-called Frazier-Lemke Act was granted and the said farmer was adjudged a bankrupt and the matter of the proceeding under the so-called Frazier-Lemke Act was referred to Alexander McCune, referee in bankrupcy.

The same matter is before the court on the petition of Louis D. Roberge and Sarah Roberge, to review the order of the referee in bankruptcy.

As stated hereinbefore, upon the failure of the farmer to obtain a settlement with his creditors, he amended his petition and alleged bankruptcy, and the matter was referred to Alexander McCune, referee in bankruptcy.

The facts as stated hereinbefore were made to appear before the same referee in bankruptcy. Said Louis D. Roberge and Sarah Roberge made a special appearance before said referee in bankruptcy and entered objections as follows:

"1. That the mortgage involved herein having been duly foreclosed, the debt under existing state laws was extinguished and merged in the sheriff's certificate of sale set out in the petition of Louis D. and Sarah Roberge on file herein, and therefore, the parties are no longer in relationship of debtor and creditor and hence with respect to the prior mortgage debt there is no debt now to be discharged in bankruptcy.

"2. That under the provisions of the so-called Frazier-Lemke Act, section 75, subsec. (s), which is involved in this proceeding, this particular claim does not constitute a debt and hence is not within the provisions of the Act.

"3. That this Honorable Court was without jurisdiction in the premises because by voluntary act of Sherman U. Stacy and Nettie M. Stacy in invoking the jurisdiction of the State District Court for Wright County, as set out in the petition on file herein, all of their right, title and interest in and to the physical property covered by the sheriff's certificate of sale as set out in said petition was thus voluntarily submitted to the jurisdiction of the State Court, which precludes them from invoking the jurisdiction of this Honorable Court.

"4. That the so-called Frazier-Lemke Act, section 75, subsec. (s) (7), 11 USCA § 203 (s) (7), is unconstitutional:

"(a) As not being within the affirmative grant of power given to Congress by the United States Constitution, article 1, § 8, cl. 4, and

"(b) Is prohibited by the Fifth Amendment of the Federal Constitution which provides 'that no person shall be deprived of life, liberty or property without due process of law.'"

Said referee in bankruptcy thereupon made the following certificate: "I, Alexander McCune, one of the Referees of said

64

Court in Bankruptcy, do hereby certify that in the course of the proceedings in said cause before me the attached questions arose pertinent to the said proceedings. And the said questions are certified to the Judge for his opinion thereon."

It thus appears by the foregoing statement that at the time of the filing of the petition for composition or extension the mortgage had been foreclosed and the real estate bought in by the mortgagee at the foreclosure sale, for the full amount of the indebtedness, and that three days after the filing of said petition for composition or extension, the time for redemption expired and the petitioners herein became the owners in fee simple of the premises, and after that the conciliation proceeding was dismissed, the farmer having failed to obtain a composition or extension, and the petition theretofore filed by the farmer was amended to allege bankruptcy. Not only had the property been bought in for the full amount of the indebtedness secured by the mortgage, but in addition thereto the purchasers, the petitioners herein, have paid the taxes becoming due since the foreclosure.

On this state of facts the petitioners urge as their first objection that they are the owners in fee of the real estate in question under purchase at the mortgage foreclosure sale pursuant to due and legal notice on the 28th day of July, 1933, the time of redemption having expired on July 28, 1934, and no redemption having been made and no action of any kind having been taken to enjoin the foreclosure, or to extend, if that could be done, the period of redemption.

■ The mortgage was foreclosed pursuant to section 9613, Mason's Minn. St. 1927. The effect of the foreclosure was to discharge the mortgage and pay the indebtedness secured by it. Upon foreclosure of a mortgage it becomes functus officio. After foreclosure the rights of the parties are fixed and are measured, not by anything in the mortgage, except as it is a muniment of title. The rights of the parties are absolute and the parties cannot be deprived of them. The relation of debtor and creditor theretofore existing between mortgagor and mortgagee ceases, if the property is sold for the full amount of the indebtedness, or to the extent that the real estate is bid in for. The purchaser at the mortgage sale becomes the owner of both the equitable and legal title. Nothing remains in the mortgagor except an equity of redemption and the right to occupy the property during the period of redemption. Berthold v. Holman, 12

Minn. 335 (Gil. 221); 93 Am. Dec. 233; Tinkcom v. Lewis, 21 Minn. 132; Gardner v. W. M. Prindle & Co., 185 Minn. 147, 240 N. W. 351; Peterson v. Metropolitan Life Ins. Co., 189 Minn. 98, 248 N. W. 667.

■ The validity of such objection has just been sustained by this court in a decision by Nordbye, District Judge, in the matter of Peter Klein and Augusta Klein, debtors, in proceedings for a composition or extension, 9 F. Supp. 57.

I am in full accord with that holding. The court clearly demonstrates that it was not the intention of the act to toll the period of redemption by the mere filing of the petition for composition or extension under section 75, Agricultural Compositions and Extensions, at least without any proceedings to enjoin the foreclosure of the mortgage or interfere with the running of the time for redemption.

Prior to the adoption of section 75 the filing of a petition in bankruptcy did not extend the period of redemption in a mortgage foreclosure proceeding under the statutes of the state of Minnesota. Garber v. Bankers' Mortgage Co. et al. (D. C.) 27 F.(2d) 609; In re Goldman (D. C.) 102 F. 122; Collier on Bankruptcy (13th Ed.) 1673.

A careful reading of section 75 for the purpose of ascertaining whether Congress intended to change this rule leads one to the conclusion that such was not the case. The only provisions of section 75 material to a consideration of the present objection are:

(a) Subdivision (n) which provides that the filing of a petition under this section shall subject the farmer and his property wherever located to the exclusive jurisdiction of the court, which section further provides: "In proceedings under this section, except as otherwise provided herein, the jurisdiction and powers of the court, the title, powers, and duties of its officers, the duties of the farmer, and the rights and liabilities of creditors, and of all persons with respect to the property of the farmer and the jurisdiction of the appellate courts, shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the farmer's petition or answer was filed."

And (b) subdivision (o), which provides:

"(o) Except upon petition made to and granted by the judge after hearing and report by the conciliation commissioner, the following proceedings shall not be instituted, or if instituted at any time prior to the

filing of a petition under this section, shall not be maintained, in any court or otherwise, against the farmer or his property, at any time after the filing of the petition under this section, and prior to the confirmation or other disposition of the composition or extension proposal by the court:

"(1) Proceedings for any demand, debt, or account, including any money demand;

"(2) Proceedings for foreclosure of a mortgage on land, or for cancellation, rescission, or specific performance of an agreement for sale of land or for recovery of possession of land;

"(3) Proceedings to acquire title to land by virtue of any tax sale;

"(4) Proceedings by way of execution, attachment, or garnishment;

"(5) Proceedings to sell land under or in satisfaction of any judgment or mechanic's lien; and

"(6) Seizure, distress, sale, or other proceedings under an execution or under any lease, lien, chattel mortgage, conditional sale agreement, crop payment agreement, or mortgage." Bankr. Act § 75 (n, o), 11 USCA § 203 (n, o).

We find nothing in subdivision (s) material to this question.

The power given to the court by subdivision (o) over foreclosure proceedings is in conformity with the equity powers always existing in a court of equity. The authority of the court in that respect has been discussed in Klein Case by Nordbye, District Judge, as follows: "It is well-recognized bankruptcy practice that a foreclosure of a mortgage pending at the time of the filing of the petition may be restrained if it appears that there is some equity for the creditors over and above the mortgage debt. An interesting discussion of this subject with copious citations of authorities will be found in First Trust Company v. Baylor, 1 F.(2d) 24 (8 C. C. A.). But it is also well-recognized that, unless the bankruptcy court takes some affirmative step to restrain or enjoin the foreclosure, the lien may be enforced, and is not in any way affected, nor the proceedings stayed by the mere filing of the petition. Ward v. First National Bank of Ironton, 202 F. 609, 612 (6 C. C. A.); In re Goldsmith (D. C.) 118 F. 763, 767. Subsection (n) of section 75 (11 USCA § 203 (n), therefore, merely reiterates and reaffirms the exclusive authority that was vested in the bankruptcy court over the estate of the bankrupt before the adoption of section 75."

The proceeding for the foreclosure of the mortgage in this case had terminated many months before the filing of the petition for composition or extension and no action was taken to enjoin such proceeding.

If Congress had intended by the mere filing of a petition for composition or extension to extend the period of redemption, it would have used apt words to accomplish that end.

The very difficulties and embarrassments which would be occasioned by such a provision strongly indicate that it was not the intention of Congress to so provide. If the time for redeeming is extended or interrupted by the mere filing of such a petition for composition or extension, for how long is it extended? If so, does the filing of an amended petition under subdivision (s) operate to again toll the running of the period of redemption?

Under section 9627, Minn. St. 1927, lien creditors have the right to redeem within limited periods fixed by the statute if the mortgagor fails to redeem. If the filing of a petition for composition or extension has the effect of extending the redemption period, is the lien creditor deprived of his statutory redemption right, and, if not, when can he exercise that right?

These questions are not answered by section 75. No provision whatever is made to take care of such a situation.

It is fair to assume that had Congress intended to make this drastic change in the law it would not have left the matter to conjecture and inference but would have made an express provision covering the situation.

Subdivision (o) is very specific and expressly forbids the institution or maintenance of practically every form of legal or equitable proceeding which might be undertaken affecting a farmer or his property.

No provision can be found in this section which could be construed as extending the period of redemption, or of giving the court the power to extend the period of redemption.

As before stated, there is power given to the court to enjoin foreclosure proceedings or the maintenance of foreclosure proceedings.

It will be observed that the difficulties which the court has pointed out would not occur while the proceedings are in progress, but would occur upon the completion of the foreclosure and the sale of the property un-

der the foreclosure proceedings. At that time the proceeding has been completed and the property sold under it, and, under the provisions of the statutes of Minnesota, the purchaser becomes the owner of the equitable and legal title to the property, subject only to the right of the mortgagor to redeem the same within a year and to have possession during that year.

In view of the court's holding upon this question it is not necessary to consider the other objections of the petitioners.

In accordance with these views, I hold: That Louis D. Roberge and Sarah Roberge are the owners of the real estate in question, and that the proceedings under section 75 of the Bankruptcy Act must be dismissed as to such real estate and as to the said Roberges.

It is so ordered.