**In re LETTICH.**

No. 18266.

District Court, E. D. Michigan, S. D.
April 1, 1935.

Kenneth G. Prettie, of Hillsdale, Mich., for petitioner.

Royal D. Rood, of Detroit, Mich., for debtor.

TUTTLE, District Judge.

In this cause, pending herein under section 75 of the Bankruptcy Act (11 USCA § 203), there is now presented to the court for decision a question which has been correctly stated, by counsel for the debtor, as follows:

"Does a farmer-debtor's petition filed after the expiration of the period of redemption from foreclosure sale, asking benefit of Section 75 of the Bankruptcy Act, give the federal court jurisdiction over the subject-matter of such sale while still in possession of the farmer-debtor?"

The material facts may be stated, sufficiently for the purposes of this opinion, as follows:

In 1927, John I. Lettich, the farmer-debtor herein, and his wife, as mortgagors, executed and delivered to the Federal Land Bank of St. Paul, as mortgagee, a mortgage on a farm in Michigan owned by them as tenants by the entirety, to secure their promissory note for $10,000. It does not appear, and it is not here claimed by any one, that this note or mortgage was without consideration, in bad faith, or subject to any infirmities. Defaults having occurred under said mortgage, it was duly foreclosed by the mortgagee in statutory proceedings by advertisement, resulting in a foreclosure sale on February 14, 1933, to the mortgagee, for the amount of the mortgage indebtedness. Thereupon the usual sheriff's deed to the property was issued and recorded, containing the statutory certificate reciting that such deed would become operative at the expiration of one year after said sale unless the property were redeemed within such year. It appears that the foreclosure proceedings, including the sale, were fully in accordance with the applicable statutes, and no claim is here made to the contrary. The time for redemption from this sale expired on February 14, 1934, without any such redemption. The mortgagors having refused to vacate the premises so sold, the mortgagee-purchaser instituted summary proceedings in the state courts for the recovery of possession of such premises, and obtained a judgment of ouster therein against such mortgagors on November 24, 1934. On December 1, 1934, the debtor filed his petition herein pursuant to section 75 of the Bankruptcy Act, scheduling this land among his assets. Shortly thereafter said purchaser, without knowledge of the present proceeding in this court, obtained a writ of restitution on said ouster judgment and attempted to serve such writ, although it does not appear to have interfered with the possession of said land by the debtor.

After a hearing, on the said petition herein, before the Conciliation Commissioner, the latter reported to the court as follows:

"A hearing on the attached petition was held in the Court House, City of Hillsdale, January 9, 1935.

"It was found to be impossible to obtain any agreement between petitioner and creditors. The Federal Land Bank taking the attitude that as they had already foreclosed and obtained title that the matter was settled."

Thereafter the debtor instituted contempt proceedings herein against said purchaser, claiming that the aforementioned attempt to obtain possession of said land after the filing of the petition herein constituted a contempt of this court. The said purchaser has filed a petition herein praying for the dismissal of the proceedings herein as against it and said land.

Subdivision (n) of section 75 (11 USCA § 203 (n) includes the following provision:

"The filing of a petition pleading for relief under this section shall subject the farmer and his property, wherever located, to the exclusive jurisdiction of the court."

Subdivision (o) of said section 75 (11 USCA § 203 (o) contains the following provision:

"Except upon petition made to and granted by the judge after hearing and report by the conciliation commissioner, the following proceedings shall not be instituted, or if instituted at any time prior to the filing of a petition under this section, shall not be maintained, in any court or otherwise, against the farmer or his property, at any time after the filing of the petition under this section, and prior to the confirmation or other disposition of the composition or extension proposal by the court: * * (2) Proceedings for * * * recovery of possession of land."

■ The language of subdivisions (n) and (o) just quoted must, of course, be read and construed together, and it seems obvious that the "land" to which subdivision (o) thus refers is land of the farmer-debtor forming a part of "his property" mentioned in subdivision (n). As, however, the "hearing and report by the conciliation commissioner" required under the language of subdivision (o) just quoted have been had, it is unnecessary to determine whether the automatic stay so provided by subdivision (o) is applicable to land not owned by the debtor though in his actual possession at the time of the filing of his petition at the commencement of this proceeding.

■ Nor, in view of the apparent good faith, and lack of knowledge of the pendency of this proceeding, on the part of the said purchaser, can it properly be held guilty of contempt of this court in seeking to obtain possession of this land, as it did, after the expiration of the period for redemption from the foreclosure sale.

The meritorious question presented, therefore, is whether at the time of the filing of this petition by the debtor this mortgaged property was "his property," within the meaning of subdivision (n).

Section 14434 of the Michigan Compiled Laws of 1929 provides that, unless the premises sold at a statutory foreclosure sale shall be redeemed within the year after such sale prescribed for such redemption, the deed delivered to the purchaser "shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter."

■ It seems to me entirely clear that the effect of the foreclosure sale, followed by the expiration of the period for redemption therefrom without any such redemption, was to wholly divest the debtor of this property and to transfer and convey his title thereto to the purchaser at such sale, so that, at the time of the filing of the petition herein, the debtor had no right, title, or interest in such property which could be subjected to the jurisdiction of this court. It was no longer "his property," in any sense or to any extent, and in retaining actual possession thereof against the objection of such purchaser the debtor was a mere trespasser thereon. The argument advanced, on behalf of the debtor, to the effect that adverse possession by him might, after several years, ripen into title and that this possibility constitutes, or creates, a present property right in him, seems to me so clearly and obviously without merit as not to require discussion. It cannot, in my opinion, be doubted that, under the circumstances here presented, this court has not acquired any jurisdiction over this property, and that the rights of the mortgagee-purchaser with respect thereto have not been in any way affected by this proceeding. In re Compton (D. C.) 7 F. Supp. 676; In re Arend (D. C.) 8 F. Supp. 211; In re Smith (D. C.) 9 F. Supp. 277.

It follows that the petition for dismissal of this proceeding as against the mortgagee-purchaser and said land must be granted, and an order entered in conformity with the terms of this opinion.