## COMPTON v. BIRNIE TRUST CO. (two cases).

### Nos. 3786, 3806.

Circuit Court of Appeals, Fourth Circuit.

April 2, 1935.

McNeill & McNeill, of Washington, D. C. (John W. Cleaton and Philip H. Marcum, both of Washington, D. C., on the brief), for appellant.

James E. Boylan, Jr., of Westminster, Md., for appellee.

Before PARKER and SOPER, Circuit Judges, and HAYES, District Judge.

640

PARKER, Circuit Judge.

This is an appeal from an order refusing to stay proceedings in a state court under section 75 of the Bankruptcy Act as amended by the Frazier-Lemke Act of June 28, 1934, 11 USCA § 203 (s). Appellant is a farmer, and his petition under section 75 (see 11 USCA § 203) was filed July 13, 1934. On March 17, 1934, a tract of land, in which he owned an equity of redemption under conveyance from one Albaugh, had been sold in a foreclosure proceeding in the circuit court of Carroll county, Md., and had been purchased by the mortgagee, the appellee herein. On April 24, 1934, this foreclosure sale had been confirmed by the court. On June 6th appellee had filed with the state court a petition praying an order that appellant be required to surrender possession of the property sold; and upon this petition, an order had been entered requiring appellant to show cause, on or before June 27th, why a writ in the nature of a writ of habere facias possessionem should not issue to place appellee in possession of the property. No cause to the contrary having been shown by appellant, an order had been entered on July 11th directing the writ to issue, and same had been issued and placed in the hands of the sheriff of Carroll county. It was to stay the execution of this writ that the power of the court of bankruptcy was invoked by the petition filed on July 13th.

■■■ We think that the order of the court below refusing the stay was correct. It is provided by the law of Maryland that, upon the confirmation of a sale and the payment of the purchase money, all title which the mortgagor had in the premises shall pass to the purchaser. Code of Maryland, art. 66, § 11. Here it appears, not only that the foreclosure sale had been confirmed to a purchaser to whom the purchase money due upon the sale was payable, but also that the state court had definitely adjudicated, upon due notice to appellant, that he was no longer entitled to possession of the property and had issued a writ to put him out of possession. Under such circumstances, the application to the court of bankruptcy came too late. As we have pointed out in the case of Bradford v. Fahey et al., this day decided, 76 F.(2d) 628, it is the duty of a court of bankruptcy, in protection of the paramount jurisdiction vested in it by section 75 of the Bankruptcy Act (see 11 USCA § 203), to issue an injunction or other appropriate process to prevent the sale by the state court of property belonging to the bankrupt. But this process can be issued only in the assertion of the jurisdiction conferred over the property of the bankrupt; and where, as here, the property of the bankrupt in the land in controversy is gone, whether as the result of judicial decree or otherwise, there is no basis for in any way staying the proceedings of the state court with respect to the property. See In re Klein (D. C.) 9 F. Supp. 57, 59; In re Stacy (D. C.) 9 F. Supp. 61; In re Arend (D. C.) 8 F. Supp. 211, 212; In re Smith (D. C.) 7 F. Supp. 863, 864. In the case last cited the principles applicable were well stated by Judge Lindley as follows:

"Section 75, under which the present proceeding was brought, was enacted by Congress March 3, 1933, for the purpose of aiding farmers to procure extensions or compositions with their creditors, and it is therein provided in subdivision (o), 11 USCA § 203 (o) that suit shall not be instituted or maintained in any court against the farmer or his property, after the filing of the petition, for foreclosure of a mortgage on land or for cancellation, rescission, or specific performance of an agreement for sale of land or to recover possession of land. Under subdivision (n), 11 USCA § 203 (n) the filing of the petition subjects the farmer and his property, wherever located, to the exclusive jurisdiction of the court, and the court's jurisdiction is the same as if a voluntary petition for adjudication had been filed.

"These sections extend the jurisdiction of the bankruptcy court in the respects mentioned, but they are silent as to any power in the court to take possession of and administer real property, the possession of which another court has, prior to filing of the petition, directed should be delivered to a third person. Congress has not vested in the court of bankruptcy any right to sit as a court of review of a final judgment obtained in a state court fixing property rights. It is vested with jurisdiction to stay suits brought to recover dischargeable debts and to stay proceedings upon judgments obtained within four months prior to the filing of petition to recover dischargeable debts, but it has no jurisdiction to review or stay a judgment of a state court having jurisdiction of the parties, which fixes title or right to possession of real estate. The judgment having been entered prior to the filing of the petition herein, this court is powerless to take any steps with regard to property affected thereby."

As was well said by the learned judge below (7 F. Supp. 676, 678): "I regard it as entirely clear under the Maryland law that all title and ownership in the mortgaged property had passed by the finally confirmed judicial sale to the purchaser and away from the debtor prior to the filing of his petition in this court. The Maryland law does not give any period for redemption to a mortgagee after such a finally consummated sale. No right or title remained in the debtor in and to this property at the time of filing his petition. It was not his property; therefore it is not directly subject to administration in bankruptcy. Clearly if the bankrupt had sold his equity of redemption in the property and transferred it by deed prior to the filing of his petition, it would be beyond the jurisdictional power of the bankruptcy court to deal with it as his property. In my opinion the state court judicial sale in this case was equally effective."

For the reasons stated, the order appealed from was correct and same will accordingly be affirmed. As appeal to superintend and revise under section 24b of the Bankruptcy Act, 11 USCA § 47 (b), was the proper method of review, the order appealed from will be affirmed in No. 3786. In No. 3806 the appeal will be dismissed.

In No. 3786, affirmed.

In No. 3806, appeal dismissed.