INGRAHAM, P. J., McLAUGHLIN, LAUGHLIN and SCOTT, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.

---

CHARLES M. WINNE, Appellant, *v.* QUEENS LAND AND TITLE COMPANY, INC., Respondent.

Second Department, November 6, 1914.

Limitation of actions — suit for specific performance of agreement to accept reconveyance of land — when cause of action accrues — six-year limitation.

Where a vendor of land agrees at any time after six months from the date of the deed to accept a reconveyance thereof and allow the purchaser ten per cent on his investment, a cause of action for the specific performance of such agreement accrues six months after the date of the deed, and the six-year Statute of Limitations applies.

The remedy of the purchaser in equity is concurrent with his remedy at law, and, therefore, when the latter remedy is barred by the Statute of Limitations, the first is also barred.

APPEAL by the plaintiff, Charles M. Winne, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Nassau on the 6th day of April, 1914, upon the decision of the court, the parties having agreed upon a statement of facts and submitted the case.

*David J. Wagner,* for the appellant.

*Solon B. Lilienstern,* for the respondent.

Judgment affirmed, with costs, on the opinion of Mr. Justice JAYCOX at Trial Term.

JENKS, P. J., THOMAS, CARR, STAPLETON and PUTNAM, JJ., concurred.

The following is the opinion of the court below:

JAYCOX, J.:

On the 5th day of January, 1906, the plaintiff and the defendant entered into an agreement for the sale of certain lands then owned by the defendant. The purchase price was to be paid in installments. After the plaintiff had made some payments, and before he had paid the full amount of the purchase price, the defendant wrote him a letter offering to discount the purchase price ten per cent if paid in full. In this letter the defendant stated: "In the event of your taking deed to your property at this time, we beg to state that if at any time after six months from the date of your deed, you desire to sell these lots, we will purchase the same from you, allowing you ten per cent on your investment." The plaintiff accepted the proposition, paid the balance in cash and received a deed dated May 25, 1906. On the 10th of January, 1913, the plaintiff tendered the defendant a deed of the property purchased from it and demanded that the defendant repurchase the same for the amount of the original purchase price with ten per cent increase, but defendant refused to repurchase. This action, for specific performance, was commenced on the 16th day of September, 1913. These facts are admitted, and the defendant pleads the six-year Statute of Limitations. I think that there can be no doubt that plaintiff's cause of action accrued six months after the date of the deed, to wit, on the 26th day of November, 1906. It is true that a demand was necessary before suit should be brought, but section 410 of the Code of Civil Procedure provides: "Where a right exists, but a demand is necessary to entitle a person to maintain an action, the time, within which the action must be commenced, must be computed from the time, when the right to make the

demand is complete   *   *   *.''   Plaintiff's cause of action accrued, therefore, on the 25th day of November, 1906, and as more than six years have elapsed since the cause of action accrued the action is barred if it falls within the provisions of section 382 of the Code of Civil Procedure.   The plaintiff seeks to avoid the effect of this section by the claim that his cause of action is in equity and, therefore, governed by section 388 of the Code of Civil Procedure.   His remedy in equity is concurrent with his remedy at law, and, therefore, when his remedy at law is barred his cause of action in equity is barred also.   (*Zweigle* v. *Hohman,* 75 Hun, 377; *Matter of Neilley,* 95 N. Y. 382; *Butler* v. *Johnson,* 111 id. 204; *Borst* v. *Corey,* 15 id. 505.)   The defendant is entitled to judgment dismissing the complaint upon the merits, with costs.