## LAYTON v. LAYTON et al.

No. 6580.   Decided August 13, 1943.   (140 P. 2d 759.)

*J. D. Skeen* and *E. J. Skeen,* both of Salt Lake City, for appellant.

*Karl V. King,* of Salt Lake City, for respondents.

ELLETT, District Judge.

Clifton B. Layton, one of the defendants in this case, mortgaged his farm in Davis County, Utah, on September 7, 1929, to the National Building and Loan Association as security for an indebtedness of $10,000. Thereafter and on May 6, 1931, he gave a second mortgage to the Ogden State Bank as security for an indebtedness of $4,195.

On October 15, 1932, the National Building and Loan Association brought suit to foreclose its first mortgage and made the Ogden State Bank a party defendant. A sheriff's certificate of sale dated December 13, 1932, was issued to the National Building and Loan Association, and on June 10, 1933, a sheriff's deed was issued. In the meantime, and before the issuance of the sheriff's deed, to wit, on April 19, 1933, Layton had filed a petition in the United States District Court for relief under Section 75 of the Bankruptcy Act, 11 U. S. C. A. § 203. That would be four months and six days after the sheriff's certificate of sale was issued to the National Building and Loan Association. Later he filed an amended petition under subsection s of the Bankruptcy Act, and when the Supreme Court of the United States held subsection s of the Act unconstitutional, the proceedings in the Federal District Court under the amended petition were, on May 27, 1935, dismissed. Layton never filed any additional pleadings in his bankruptcy matter and

never attempted to revive his status as a bankrupt after his action was dismissed.

The sheriff never at any time after May 27, 1935, gave any new or additional or further deeds to the National Building and Loan Association. However, the National Building and Loan Association gave Layton a deed dated October 4, 1935, which was recorded December 28, 1935, covering the identical property which they had purchased at foreclosure sale. Layton had at all times continued in possession of the property since the giving of the mortgages first referred to.

After the filing of the petition in bankruptcy Mr. Layton contacted the Utah Rural Rehabilitation Corporation for the purpose of securing aid and assistance in saving his farm. Defendant William J. Thayne was the representative of that corporation in the State of Utah. It was Layton's plan to obtain sufficient money from the government agency with which to purchase stock of the National Building and Loan Association at a discount and to trade the stock at par value to the National Building and Loan Association in payment of the mortgage and as a redemption of his farm.

The Utah Rural Rehabilitation Corporation was reluctant to furnish the money inasmuch as Layton could give no security. However, it was persuaded by Thayne to make the loan for sufficient money to purchase the required number of building and loan association certificates to repurchase the property. A part of the plan was to mortgage the property to the Davis County Bank when title was obtained from the National Building and Loan Association for sufficient money to repay the Utah Rural Rehabilitation Corporation.

On December 28, 1935, the same day that the deed from the National Building and Loan Association to Clifton B. Layton was placed on record, the property was mortgaged to the Davis County Bank for $5,000. Since there were other judgments against Layton and delinquent taxes

against the farm, the $5,000 was not sufficient to pay the Utah Rural Rehabilitation Corporation loan; and because of Thayne's assurances and guarantee that it would be paid, the corporation forced him to make an assignment in the amount of $3,600, being the amount still due and owing the Utah Rural Rehabilitation Corporation.

It will here be noted that four months and seven days elapsed from May 27, 1935, the day when the bankruptcy petition was dismissed, and October 4, 1935, the day when the National Building and Loan Association gave the deed to Layton. From the date of dismissal of the bankruptcy petition to the date the deed was placed on record, to wit, from May 27, 1935, to December 28, 1935, seven months and one day elapsed.

The Ogden State Bank brought an action in personam against Clifton B. Layton and his wife on the notes which were secured by their second mortgage dated May 6, 1931, and on May 17, 1937, recovered a personal judgment against the defendants. Thereafter, in August of 1939 this judgment was set aside by consent of the parties and upon the representation to the court that Layton was in bankruptcy and the state court had no jurisdiction. On August 21, 1939, Ruth E. Layton, the plaintiff and appellant herein, who is the mother of Clifton B. Layton, secured an assignment of the Ogden State Bank mortgage and claim against Clifton B. Layton.

In this case, Ruth E. Layton takes the position that the deed from the National Building and Loan Association to Clifton B. Layton dated October 4, 1935, was a redemption of the mortgage foreclosure which resulted in the sheriff's certificate of sale dated December 13, 1932, and that such redemption having been made, the Ogden State Bank mortgage then became a first mortgage, and since she is now the owner of that mortgage, she has the right to foreclose it and to cut off the mortgage given to the Davis County Bank on December 28, 1935.

Her counsel argue strenuously that when Clifton B. Layton filed his petition in bankruptcy on April 19, 1933, the sheriff of Davis County had no power nor authority to execute a deed during the time the bankruptcy matter was proceeding and that the deed from the sheriff dated June 10, 1933, to the Building and Loan Association was a nullity; and inasmuch as no further deed was ever given by the sheriff to the National Building and Loan Association after May 27, 1935, the day when the bankruptcy proceedings were dismissed, the sale never became absolute and, therefore, Layton had a right to and did redeem his property from the mortgage foreclosure theretofore had.

Sec. 104-55-1 of the R. S. U. 1933 provides that in the case of foreclosure of mortgages the sheriff shall proceed to sell the property according to the provisions of law relating to sales on execution and that a special execution or order of sale shall issue for that purpose. The provisions of the statute regarding sales on execution are found in Sec. 104-37-29, R. S. U. 1933, which reads insofar as material as follows:

"Upon a sale of real property the purchaser is substituted for and acquires all the right, title, interest and claim of the judgment debtor thereto; and when the estate is less than a leasehold of a two-years' unexpired term the sale is absolute. In all other cases the real property is subject to redemption as provided in this chapter. * * *"

Sec. 104-37-30 provides that the judgment debtor or his successor in interest in the whole or any part of the property may redeem within the period provided by law. The time of redemption is set forth in Sec. 104-37-31, R. S. U. 1933, in the following language:

"The judgment debtor * * * may redeem the property from the purchaser, within six months after the sale, on paying the purchaser the amount of his purchase * * * with 6 per cent thereon in addition, together with the amount of any assessment or taxes which the purchaser may have paid thereon after the purchase, with interest on such amount * * *."

The manner of redemption is set forth in Sec. 104-37-34, R. S. U. 1933, which is quoted in full:

"A redemptioner must produce to the officer or person from whom he seeks to redeem, and serve with his notice to the officer:

"(1)    A copy of the docket of the judgment under which he claims the right to redeem, certified by the clerk of the court or recorder of the county where the judgment is docketed or filed; or, if he redeems upon a mortgage or other lien, a memorandum of the record thereof certified by the recorder;

"(2)    A copy of any assignment necessary to establish his claim, verified by the affidavit of himself or of a subscribing witness thereto; and,

"(3)    An affidavit by himself or his agent showing the amount then actually due on the lien."

In connection with this last quoted section, it will be noted that the record is silent as to whether or not Clifton B. Layton complied with the provisions thereof. His counsel stated that Mr. Layton did not so comply but that he merely entered into an agreement with the National Building and Loan Association as evidenced by the deed dated October 4th.

The law, prior to the amendment of August 28, 1935, is well settled to the effect that bankruptcy did not extend the time of redemption. The right of redemption is a property right which belongs to the estate of the bankrupt, but the mortgagee is no longer a creditor of the bankrupt so far as the security is concerned; and unless the bankrupt exercises his right of redemption during the period provided by law, that right is lost.

The case of *In re Klein et al.*, D. C., 9 F. Supp. 57, was very similar to the instant case here, in that petitions were filed in bankruptcy shortly after four months had elapsed from the foreclosure sale. At page 59 of 9 F. Supp. the Court said:

"Further, under the laws of this state [Minnesota], the insurance company, after purchasing this property for the total amount of its

mortgage and claim against the mortgagors, was no longer a creditor of the Kleins, but a purchaser of the premises with a vested right to become an absolute owner of the premises, or, in lieu thereof, the payment of its bid by the redeemer. * * * Lapse of time alone would vest the insurance company with absolute title in the absence of redemption. The debtors, however, had an equity of redemption under the laws of this state, and were entitled to the possession of the premises during the one-year period of redemption. It is evident, therefore, that the only right or interest in this property which became subject to the exclusive jurisdiction of the bankruptcy court was the right of redemption. But the bankruptcy court is exclusive in its jurisdiction of the equity of redemption that was vested in the mortgagors, and this right or equity is to be regarded as in custodia legis from the filing of this petition. *Straton* v. *New*, 283 U. S. 318, [319], 51 S. Ct. 465, 75 L. Ed. 1060. However, the validity of pre-existing liens attaching before the four-month period is not affected by the filing of an involuntary petition, although the bankruptcy court may, in the interest of general creditors, supervise and regulate the method of enforcing the lien in order to obtain as much as possible for the general creditors. It is well-recognized bankruptcy practice that a foreclosure of a mortgage pending at the time of the filing of the petition may be restrained if it appears that there is some equity for the creditors over and above the mortgage debt. An interesting discussion of this subject with copious citations of authorities will be found in *First Trust Company* v. *Baylor*, 8 Cir., 1 F. 2d 24. But it is also well-recognized that, unless the bankruptcy court takes some affirmative step to restrain or enjoin the foreclosure, the lien may be enforced, and in not in any way affected, nor the proceedings stayed by the mere filing of the petition. *Ward* v. *First National Bank of Ironton*, 6 Cir., 202 F. 609, 612; *In re Goldsmith*, D. C., 118 F. 763, 767. Sub-section n of section 75, 11 U. S. C. A. § 203, sub. n, therefore, merely reiterates and reaffirms the exclusive authority that was vested in the bankruptcy court over the estate of the bankrupt before the adoption of section 75. In the instant case, no steps were taken by the bankruptcy court to interfere with the running of the period of redemption, and it is clear that the sheriff's certificate issued on August 25, 1933, ripened into an absolute title on August 25, 1934, unless subsection *o* of section 75, 11 U. S. C. A. § 203 sub. *o*, by its terms enlarged, extended, or tolled the statutory period of redemption. 'Bankruptcy does not extend the period of redemption. It could not prolong the period, for the purchaser at the sale, not a party to the bankruptcy, has a vested right in the matter.' *Garber* v. *Bankers' Mortgage Co.*, [D. C.], 27 F. 2d 609, 612.''

The Minnesota statute governing the sale of property under mortgage foreclosure had a provision that the sheriff's certificate of sale would, upon the expiration of one year, become absolute if the property was not redeemed. Our own Utah statute provides as follows:

"If no redemption is made within six months after the sale, the purchaser or his assignee is entitled to a conveyance; or if so redeemed, whenever 60 days have elapsed and no other redemption has been made and notice thereof given and the time for redemption by a redemptioner has expired, the last redemptioner, or his assignee, is entitled to a sheriff's deed at the expiration of six months after the sale; but in all cases the judgment debtor shall have the entire period of six months from the date of the sale to redeem the property. * * *" 104-37-32, R. S. U. 1933.

That the difference between the Minnesota statute under which the rights were determined in the Klein case and our own Utah statute above quoted is immaterial is shown by the following excerpt from *Local Realty Co.* v. *Lindquist et ux.*, 96 Utah 297, at page 303, 85 P. 2d 770, at page 773:

"In a very general way and speaking loosely, the interest of the purchaser on execution sale and during redemption period may be called a lien, as it signifies an interest in the property which may be cancelled, lost, or voided upon payment of a certain sum of money. But it is more than this. The purchaser obtains a right, which is somewhat inchoate and may be perfected into a perfect title by no other act than the execution of a deed pursuant to a sale already made. It is more than a right to have satisfied out of the property a sum charged against it. It is a right which may be defeated by payment of such sum. The purchaser has bought the land from the sheriff and paid for it, upon a sale, which may be voided or in effect rejected by the debtor by the simple expedient of him (sic) repaying to the purchaser the amount paid with interest within a limited time. It is also conditioned that the purchaser may lose the property by the repayment to him of his bid with interest by a lienor on the property. *If such repayment be not made within the time, the right to a conveyance becomes absolute, that is, the conditions upon which it was predicated have not materialized, and the sale is completed and consummated. Until this time the purchaser had an equitable estate in the land under a conditional sale, which becomes absolute by lapse of time without performance of the conditions indicated above, the only ones which can defeat the purchase.* Said the Vice-Chancellor in *New York*

*Life Ins. Co.* v. *Bailey*, 3 Edw. Ch., N. Y., 416, 417: 'A sale by the sheriff gives the purchaser, under a certificate, an inchoate right to the land, if not an interest in the land itself; and it is such a right as will ripen into a title unless the property be redeemed from him.' " (italics ours.)

*In re Stacy*, D. C., 9 F. Supp. 61, was decided after the case of *In re Klein*. In speaking of the holding in the Klein case, Judge Molyneaux, at page 64 of 9 F. Supp., said:

"I am in full accord with that holding. The court clearly demonstrates that it was not the intention of the act to toll the period of redemption by the mere filing of the petition for composition or extension under section 75, Agricultural Compositions and Extensions, at least without any proceedings to enjoin the foreclosure of the mortgage or interfere with the running of the time for redemption."

To the same effect is the case of *In re Faber*, D. C. 1935, 11 F. Supp. 555, where the local law as construed left in the mortgagor, after foreclosure sale, the rights of redemption within one year, and of possession during that period. The court took the position that, although these rights might be brought within subsections a-r of Section 75 of the Bankruptcy Act, 11 U. S. C. A. § 203 subs. a-r, they were lost on failure to redeem within the statutory period, even though petition under said section was filed before the expiration thereof; and that in absence of anything done under some provision of State or Federal law, the period of redemption was not extended.

In the case of *In re Nelson* reported in 9 F. Supp. 657, it appears that Martin Nelson had mortgaged his farm a number of years prior to 1934 and that on January 30, 1934, the property was duly sold by the sheriff upon a foreclosure proceeding and that a certificate of sale was given to the judgment creditor. On September 26, 1934, Nelson filed his petition for composition or extension of time to pay his debts pursuant to the provisions of Section 75 of the Bankruptcy Act, 11 U. S. C. A. § 203. The conciliator had held that the judgment creditor and purchaser of the property under mortgage foreclosure was a creditor of Martin Nelson,

and the judgment creditor had brought this action in the Federal District Court of South Dakota to correct that holding. Judge Wyman, at page 661 of 9 F. Supp., sets forth the law as follows:

"I am clearly of the opinion that the insurance company is in no sense a creditor of the debtor, Nelson, and that it has no provable claim against him or his property, and, therefore, that the order of the learned conciliation commissioner overruling the objections interposed by the insurance company should be reversed. I am also clearly of the view that the foreclosure sales and the issuance of the sheriff's certificates thereunder operated to extinguish all of the mortgagor's property in and to the real estate involved, save only the bare legal title, coupled with the statutory right of possession and the right of redemption within the time allowed by statute. These are valuable property rights, and the bankruptcy court undoubtedly has jurisdiction over them, but they are rights which will be lost if the right to redeem is not exercised within the time allowed by the statute. That time cannot be enlarged or extended by the bankruptcy court, and upon the expiration of the redemption period, in the absence of redemption, the property interests of the debtor in the real estate are lost."

The mortgage in that case was foreclosed under the South Dakota law, and the rights of the mortgagor after the sheriff's sale appear to be the same as in Utah. *Farr* v. *Semmler et al.*, 24 S. D. 290, 123 N. W. 835; *Wood* v. *Conrad*, 2 S. D. 405, 50 N. W. 903; *MacGregor* v. *Pierce et al.*, 17 S. D. 51, 95 N. W. 281.

Even though the period of redemption was tolled by bankruptcy, still Layton had four months and six days from the sheriff's certificate of sale to the time of the filing of his bankruptcy petition, and four months and seven days after his bankruptcy petition was dismissed, before he secured the deed to his property. This is eight months and thirteen days, exclusive of his bankruptcy time, wherein he was free to redeem his property if he cared to do so; but since the law limits him to six months, he lost his right of redemption, and his securing of his property by an exchange of building and loan stock would be

considered a repurchase of the property and not a redemption thereof. Therefore, the rights of the Ogden State Bank under their second mortgage would not be revived and the plaintiff, Ruth Layton, as successor by assignment to that mortgage is not entitled to foreclose the same.

The judgment of the lower court is affirmed. Costs to respondents.

WOLFE, C. J., and McDONOUGH, LARSON, and MOFFAT, JJ., concur.

WADE, J., being disqualified, did not participate herein.