AIRPLANE & MARINE INSTRUMENTS, INC., Plaintiff, *v.* EDWARD J. HEFELE et al., Defendants.

Supreme Court, Special Term, New York County, August 15, 1946.

*Milbank, Tweed & Hope* for defendants.

*Merle I. St. John* for plaintiff.

NULL, J. This action, in substance, is to compel specific performance of either an oral contract or an implied contract whereby defendant Hefele undertook and agreed to assign to plaintiff's predecessor any right which he might have in certain inventions perfected by him. The right, if any, of plaintiff's predecessor accrued prior to October 2, 1935, when defendant Hefele refused to execute the requested assignment of the two patents which form the subject of the present suit.

Some nine months later, in July, 1936, the property of plaintiff's predecessor was subjected to the jurisdiction of the Federal courts by the institution of a proceeding in reorganization pursuant to section 77B of the Bankruptcy Act (U. S. Code [1934 ed.], tit. 11, § 207). For practical purposes, it may be assumed that the plaintiff became vested with the rights of its predecessor on October 14, 1938, when the final plan of reorgani-

zation was adopted, or on December 1, 1938, when it took an assignment of the claim against defendants, although the final decree in the reorganization proceeding was not entered until June 21, 1941. This action, however, was instituted on March 31, 1944.

The primary question on this motion for summary judgment is the applicability of the Statute of Limitations which, it is urged, constitutes an absolute bar to any recovery. Although the action is laid on the equity side of the court, it is clear that the enforcement of the plaintiff's rights, if any, is so clearly bound to the agreement from which they are alleged to have been derived that, regardless of the nature and form of the action, the applicable Statute of Limitations is six years (*Winne* v. *Queens Land & Title Co., Inc.,* 166 App. Div. 314).

The plaintiff argues that the Statute of Limitations was suspended by virtue of the proviso contained in subdivision (b) of section 77B (U. S. Code [1934 ed.], tit. 11, § 207, subd. [b]) to the effect that: " The running of all periods of time prescribed by any other provision of this Act, and by all statutes of limitations, shall be suspended during the pendency of a proceeding under this section."

On first impression, this provision would seem equally applicable to actions brought by the debtor as well as to those against him. Closer examination, however, indicates the fallacy inherent in such a conclusion. In dealing with claims against the debtor, the court has broad power. Not alone may it order actions stayed, but it may enjoin the institution of suit (3 Gerdes on Corporate Reorganizations, § 1151). Without such protection creditors might find their rights to have become barred without adequate opportunity to enforce them.

The same situation, however, does not exist where claims of the debtor are sought to be enforced against others. Upon the assumption of jurisdiction by the court and the appointment of a trustee, the trustee acquires the rights of the debtor. He is then vested with power to institute suit (1 Gerdes on Corporate Reorganizations, § 370 *et seq*). Having that power, the Statute of Limitations cannot be deemed to have been suspended for any purpose as to the trustee. Inasmuch as the debtor and the plaintiff have permitted more than six years to elapse since the inception of the claim against the defendants, the action is barred by the Statute of Limitations. Accordingly, the motion for summary judgment is granted. Settle order.