**Arthur LIMAN, Trustee in Bankruptcy of Seatrade Corp., et al., Plaintiff,**

**v.**

**BANK OF NOVA SCOTIA, Defendant.**

**No. 70 Civ. 306.**

United States District Court,
S. D. New York.

April 5, 1971.

Rosenman, Colin Kaye Petschek Freund & Emil by Ambrose Doskow, and Steven B. Rosenfeld, New York City, for plaintiff Arthur Liman (as Trustee).

Zalkin & Cohen, by Henry Lewis Goodman and Paul J. Harriton, New York City, for defendant.

MOTLEY, District Judge.

## OPINION ON MOTION OF DEFENDANT FOR SUMMARY JUDGMENT

This is an action by the trustee of the bankrupt, Kulukundis Maritime Industries, Inc. (KMI), to recover alleged voidable preferences under the Bankruptcy Act. 11 U.S.C. §§ 96(a) (1), (b) and 110(e).[1] Defendant, Bank of Nova Scotia, has moved for summary judgment dismissing the claim as barred by the applicable statute of limitations. 11 U.S.C. § 29(e).

The complaint alleges that in August and September 1962, defendant made loans to KMI totaling $500,000. In December 1962, within four months of the filing on March 15, 1963 of a Chapter XI petition by KMI under the Bankruptcy Act, KMI made payments to defendant on the loans in amounts aggregating $125,000, leaving a balance of $375,000. On January 11, 1963, within the same four month period, KMI executed, as mortgagor, a second preferred mortgage on a vessel owned by it, the SS SOUTHAMPTON, in favor of the Chase Manhattan Bank, as trustee for defendant. This was done to secure three 6% serial bonds issued to defendant by KMI in the aggregate amount of $375,000, the balance of the debt. The mortgage was foreclosed by its trustee on May 15, 1963. The balance of the loan, plus interest, totaling $382,687.56. was paid by the trustee to defendant from the proceeds of the sale of the ship.

Prior to this payment, as noted above, the bankrupt had filed a petition for an arrangement under Chapter XI on March 15, 1963. That proceeding was superseded by the filing of a petition for reorganization under Chapter X of the Bankruptcy Act on May 21, 1963, which was approved by order of this Court (Croake, J.) on May 23, 1963. Almost five years later, by order of this Court (Croake, J.) on March 22, 1968, both proceedings were ordered terminated. It was also ordered that bankruptcy be proceeded with.

The complaint in the instant action further alleges, as required by 11 U.S.C. §§ 96(a) (1), (b) and 110(e), that on and after December 11, 1962, KMI was insolvent; that this was known to defendant or that defendant had reasonable cause to so believe; and that the effect of the payments by KMI to defendant and the execution of the mortgage was to enable defendant to obtain a greater percentage of its debt than other creditors of KMI similarly situated. The complaint was filed on January 26, 1970, just short of two years after the order of March 22, 1968, directing that bankruptcy be proceeded with.

This court holds that the cause of action under the Bankruptcy Act, 11 U.S.C. §§ 96(a) (1), (b) and 110(e) is timely.

The applicable period of limitation with respect to the bringing of this action by the trustee in bankruptcy is found in 11 U.S.C. § 29(e). That statute provides:

"A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy. . . ."

This appears to be a case of first impression.

In the case of In Re Ira Haupt & Co., 390 F.2d 251 (2d Cir.) cert. denied, 391 U.S. 916, 88 S.Ct. 1811, 20 L.Ed.2d 655 (1968), an ordinary petition in bank-

---

1. The claim for recovery under the Bankruptcy Act is set forth in what the complaint designates as the First Cause of Action. In a Second Cause of Action the same claim is made under former New York Stock Corporation Law § 15. Since this court holds that the cause of action under the Bankruptcy Act is timely, it is unnecessary to consider whether the same cause of action is timely under state law. Recovery under federal law would bar recovery under state law.

ruptcy had been filed. Before Haupt had been adjudicated a bankrupt, however, a petition for an arrangement under Chapter XI was filed by some of the Haupt partners and subsequently dismissed. Haupt was thereafter adjudicated a bankrupt. Almost two years later, Haupt's trustee in bankruptcy filed an objection to the claim of one of Haupt's creditors. He asked that the claim be disallowed unless the creditor surrendered money received from the bankrupt within four months of the filing of the involuntary petition in bankruptcy. The creditor opposed the trustee's objection on the ground that the two year period within which the trustee could sue to recover any alleged preferential payment under § 29(e) had expired. Since the Chapter XI petition filed by the Haupt partners had been filed in a pending bankruptcy proceeding, 11 U.S. C. § 721, the court affirmed the lower court's holding that the date of adjudication for the purposes of § 29(e) must be taken to be the date on which Haupt was actually adjudicated a bankrupt, there being nothing in § 778(a) (1) to suggest otherwise. Title 11 U.S.C. § 778(a) (1) provides that when a Chapter XI proceeding has been filed in a pending bankruptcy proceeding and an order is entered upon the dismissal of that proceeding directing that bankruptcy be proceeded with, "the bankruptcy proceeding shall be deemed reinstated and thereafter shall be conducted, so far as possible, as if such petition under this chapter had not been filed."

However, on the facts of the instant case, the governing provision is 11 U.S. C. § 778(a) (2) and not § 778(a) (1). Title 11 U.S.C. § 778(a) (2) provides that in the case of the dismissal of an *original petition* filed under Chapter XI, followed by an order that bankruptcy be proceeded with (as happened in this case) "the proceeding shall be conducted, so far as possible, in the same manner and with like effect as if a voluntary

petition for adjudication in bankruptcy has been filed and a decree of adjudication had been entered on the day when the petition under" Chapter XI was filed.

There is a similar provision with respect to dismissed original Chapter X proceedings. 11 U.S.C. § 638. That provision reads:

". . . the proceeding shall thereafter be conducted so far as possible, in the same manner and with like effect as if an involuntary petition for adjudication has been filed at the time when the petition under this chapter was filed, and a decree of adjudication had been entered at the time when the petition under this chapter was approved."

As one text writer has noted, "[t]hese . . . provisions [11 U.S.C. §§ 638, 778[a] (2)] preserve to the estate its rights in preferential and fraudulent transfers and the like, and vest in the trustee a title to property which would relate back to the date of the original petition." Weinstein, The Bankruptcy Law of 1938, at 243–4, 289 (1938).

When this court (Croake, J.) entered an order on March 22, 1968 dismissing the Chapter XI and Chapter X proceedings, it directed that bankruptcy be proceeded with as authorized by 11 U.S.C. §§ 636, 776. The effect of this order, for the purposes of the ensuing bankruptcy proceeding, was to make the date of adjudication the date on which the Chapter XI petition was filed [11 U.S.C. § 778(a) (2)], i. e., March 15, 1963, or the date on which the Chapter X petition for reorganization was approved by this Court [11 U.S.C. § 638], i. e., May 23, 1963.[2] Measured from either of these dates, however, the two year time period prescribed by § 29(e), within which the trustee must have instituted the present action, has expired.

The trustee relies upon the complementary suspension provisions of 11 U.S. C. §§ 791 and 661 to support his conten-

---

**2.** Title to the bankrupt's property vested in the trustee as of the date these petitions were filed. 11 U.S.C. § 110(a).

tion that the present suit is timely under § 29(e), even though the date of adjudication is in 1963. Section 661, applicable to Chapter X proceedings, provides:

"All statutes of limitations affecting claims and interests provable under this chapter and *the running of all periods of time prescribed by this title in respect to* the commission of acts of bankruptcy, *the recovery of preferences,* and the avoidance of liens and transfers *shall be suspended while a proceeding under this chapter is pending and until it is finally dismissed.*" (Emphasis added).

Section 791, applicable to Chapter XI proceedings, is the same except that the words "and interests" are omitted.

The court agrees with the trustee that the running of the time for bringing this suit under § 29(e) was suspended during the pendency of the Chapter XI and X proceedings. *Cf.* Nairn v. McCarthy, 120 F.2d 910, 912 (7th Cir. 1941). This suit is, therefore, timely since it has been commenced within 2 years of the March 22, 1968 order that bankruptcy be proceeded with.

Without the suspension provisions, the objective of §§ 638 and 778 to "preserve to the estate its rights in preferential and fraudulent transfers", *Weinstein, supra,* at 244, might be totally abrogated. In those instances where an original Chapter X or XI proceeding is dismissed, followed by an order that bankruptcy be proceeded with, and the trustee does commence a suit to recover a preference, all within a period of less than two years from the date of the filing of the original proceeding, no problem with respect to the timeliness of such a suit arises. And, as we learned from the *Haupt* case, *supra,* when a Chapter X or XI proceeding is filed in a pending bankruptcy proceeding before an adjudication of bankruptcy, similarly, upon the dismissal of the Chapter proceeding, there is no problem if the trustee commences his action to recover a preference within two years from the subsequent date of adjudication. A problem as to the timeliness of such a

suit by a trustee does arise, however, in two instances: 1) a problem arises, as it does in the instant case, where there is no pending bankruptcy proceeding when the Chapter petition is filed, subsequently dismissed, followed by an order that bankruptcy be proceeded with, and more than two years have elapsed from the filing of the Chapter petition; or 2) a problem arises in a case where there is a pending bankruptcy proceeding and an adjudication of bankruptcy *before* the Chapter petition is filed, 11 U.S.C. §§ 527, 721, and more than two years have elapsed from the time of the adjudication in bankruptcy and the dismissal of the Chapter proceeding and the order that bankruptcy be proceeded with. The problem in these two latter instances is clearly resolved by the suspension provisions of §§ 661 and 791. Without these provisions, the trustee would be barred from proceeding to recover a preferential payment in the latter two instances whereas he would not have been barred from such recovery in the first two instances.

Defendant asserts that the plaintiff trustee is barred because the reorganization trustee might have proceeded to recover the alleged preferential payment to defendant, since the reorganization trustee had the powers of a trustee in bankruptcy. 11 U.S.C. § 514. In support of this assertion, defendant relies upon a number of cases which support the proposition that a reorganization trustee has such powers and could have proceeded despite a suspension provision. Rieser v. Baltimore & Ohio RR Co., 228 F.2d 563 (2d Cir.), cert. denied, 350 U.S. 1006, 76 S.Ct. 651, 100 L.Ed. 868 (1955); In re Martin Custom Made Tires Corp., 108 F.2d 172 (2d Cir. 1939); Central Hanover Bank & Trust Co. v. The President and Directors of Manhattan Co., 105 F.2d 130 (2d Cir. 1939); In re Paramount Publix Corp., 85 F.2d 42 (2d Cir. 1936); Airplane & Marine Instruments v. Hefele, 188 Misc. 244, 65 N.Y.S.2d 53, aff'd 272 App.Div. 791, 71 N.Y.S.2d 710 (1947); Bovay v. H. M. Byllesby & Co., 27 Del.Ch. 33, 29 A.2d 801 (Del.Ch.

1943).[3] The fact is the reorganization trustee did not (for reasons best known to that trustee) exercise his discretion to seek recovery of the alleged preferential payment during the pendency of the reorganization effort. The reorganization trustee may not have been aware of the possibility of any such action against defendant who had been paid in full by the Chase Manhattan Bank. As another leading text writer has said: "Such recovery . . . may be had during the Chapter X administration, but § 261 [11 U.S.C. § 661] recognizes the possibility that either no such action will be taken or the pertinent facts will not be discovered before the dismissal of the reorganization proceeding, and it accordingly suspends the running of the various periods of time involved." 6A Collier on Bankruptcy, 1193 (14th ed. 1969).

One purpose of §§ 661 and 791 seems plain. They suspend the running of all statutes of limitations affecting claims provable under Chapters X and XI by the creditors of the debtor so as to allow for unfettered consideration by the creditors of any plan of reorganization or arrangement. Bovay v. H. M. Byllesby & Co., *supra* 29 A.2d at 805. The other purpose of §§ 661 and 791 seems equally obvious. They suspend the running of the time within which a trustee in bankruptcy must proceed to recover a preference (after the hypothetical date of adjudication set by §§ 778(a) (2) and 638) during the pendency of a Chapter XI or X proceeding so that the rights of creditors to an equal share of the estate in any ensuing bankruptcy proceeding may be protected.

The legislative history of §§ 661 and 791 is sparse, however. Both parties

3. In the *Rieser* case, *supra*, the court held that the plaintiff bondholders had no rights greater than those of the bankruptcy trustee to whose rights plaintiffs claimed to have succeeded. The court then held that since at the time plaintiffs brought suit the trustee's right to sue had expired under the applicable New York State statute of limitations, plaintiffs could not sue. The court also held that the suspension statute involved there, 11 U.S.C. § 205(b), did not apply to a suit by a bankruptcy trustee. That statute provides that "the running of all statutes of limitation shall be suspended." The cases of *Martin Custom Made Tires, supra*, and *Central Hanover Bank, supra*, simply stand for the proposition that a debtor in possession has the rights of a trustee in bankruptcy. The court in *In re Paramount Publix Corporation* simply held that a claim in reorganization, based upon a judgment obtained during the pendency of a voluntary petition in bankruptcy, is not a liquidated claim for purposes of distribution and is not to be treated differently from the claim of any other creditor in bankruptcy. In other words, such a claim must be proved before the referee like any other claim. The court reached its conclusion despite the existence of a provision which, if read literally, would have changed the original date of adjudication in bankruptcy to the date of the approval of the reorganization petition. Such a literal reading would have changed the creditor's claim in that case from an unliquidated claim to a liquidated claim to the prejudice of other creditors. *Airplane & Marine Instruments, Inc. v. Hefele, supra*, was a state court action to compel specific performance of a contract made by plaintiff's predecessor with defendant. The court held the action was governed by the state six year statute of limitations which had expired by the time suit was brought. Plaintiff's predecessor corporation had been in reorganization under the Bankruptcy Act. Plaintiff claimed that the running of the state statute of limitations had been suspended during reorganization, but the court held the suspension statute inapplicable to actions brought by the debtor or one who succeeded to the rights of the debtor, i. e., the trustee upon reorganization. The court cited no authority for its conclusion. Section 29(e) was not mentioned. Moreover, the suspension provisions involved here supersede the suspension provision involved there. The present provisions are far more explicit as to the running of periods of time involved. A similar state court interpretation of the effect of the old suspension provision applicable to reorganization proceedings and particularly its application to Section 29(e) is found in Bovay v. H. M. Byllesby & Co., *supra*. There the court based its conclusion upon the fact that the suspension provisions were found among those provisions dealing with suits by creditors against the debtor and not to claims asserted by the trustees.

agree that they are derived from former § 77B(b), the predecessor of Chapter X, "with minor modification in language for the sake of clarity and definiteness" and "without change in substance." Analysis of H.R. 12889, 74th Cong., 2d Sess. 80 (Committee Print 1936) contained in "Amendments Proposed by National Bankruptcy Conference", Vol. 267 Folio Pamphlets; Weinstein, The Bankruptcy Law of 1938, *supra* at 251; Nairn v. McCarthy, *supra*. Section 77B(b) provided: "The running of all periods of time prescribed by any other provisions of this title, and by all statutes of limitations, shall be suspended during the pendency of a proceeding under this section."

The legislative history of Section 77B (b), enacted June 7, 1934, is no more enlightening. The provision in that section relating to the suspension of the running of all periods of time was added by the Senate Judiciary Committee as an amendment to H.R. 5884. Sen.Rep. No. 482, 73 Cong., 1st Sess. 2 (1933). The intent of the amendment appears in the Conference Report on the bill which reads: "The Senate amendment, to which the House agreed, tolls the running of the statutes of limitations during the pendency of proceedings under this section." H.Rep. No. 1773, 73rd Cong., 2d Sess. 6 (1934).

In short, there is nothing in the legislative history which negates the assertion of the trustee that the running of all periods of time, including § 29(e), was intended to be suspended by §§ 661 and 791, and defendant points to nothing in the legislative history to the contrary. Instead, defendant relies upon a note made by Weinstein which is ambiguous at best and which appears in the analysis of H.R. 12889, *supra* at 52. In that note Weinstein emphasized that § 791 was meant to toll the running of the period of four months in respect to acts of bankruptcy, preferences, liens and fraudulent transfers in the case where an original petition for an arrangement is dismissed without an adjudication of bankruptcy. Defendant then argues that only the running of the period of four months is tolled by §§ 661 and 791. Defendant also cites Collier on Bankruptcy in support of its claims. 6A Collier on Bankruptcy, *supra* at 1192 n. 22. But this may be a misreading of *Collier* who seems to be making the point that §§ 661 and 791 do not operate to bar a reorganization trustee from proceeding to recover a preference. As pointed out above, *Collier* also recognized that §§ 661 and 791 were designed to protect a subsequent trustee in bankruptcy from failure of the reorganization trustee to act. *Collier* is clear in his pronouncement, however, that §§ 661 and 791 are "designed for the protection of creditors and to safeguard any action which may be taken in a subsequent bankruptcy administration." 6A Collier on Bankruptcy, *supra* at 1191. The court agrees. This means that the policy and purpose of the Bankruptcy Act, itself, can only be served by construing §§ 661 and 791 as suspending the running of § 29(e) during pendency of a Chapter X or XI petition. In short, no part of the Bankruptcy Act may be read to defeat the whole.[4]

Defendant's motion for summary judgment in its favor on the ground that the trustee's cause of action under the Bankruptcy Act is barred by the applicable statute of limitation is thus denied.

As the issue in this case is both novel and important, and because an immediate appeal "may materially advance the ultimate determination of the litigation", the court certifies this case pursuant to 28 U.S.C. § 1292(b).

Submit order on ten (10) days' notice.

---

4. Plaintiff's alternative claim is that the "date of adjudication" for purposes of § 29(e) is the date of March 22, 1968 when Judge Croake entered his order directing that bankruptcy be proceeded with and not the dates specified in §§ 638 and 778(2). While this argument is appealing, the court finds that to so hold would stretch beyond reason the plain language of §§ 638 and 778(2).