**In re PATIO SPRINGS, INC., a Utah Corporation, Bankrupt.**

Bankruptcy No. B–78–00008.

United States Bankruptcy Court, D. Utah, C. D.

July 30, 1980.

William G. Fowler and David E. Leta of Roe & Fowler, Salt Lake City, Utah, for debtor, Patio Springs, Inc.

Don B. Allen of Ray, Quinney & Nebeker, Salt Lake City, Utah, and James Z. Davis of Thatcher, Glasmann & Davis, Ogden, Utah, for creditor, First Sec. Bank of Utah, N. A.

## MEMORANDUM DECISION

RALPH R. MABEY, Bankruptcy Judge.

On January 4, 1978, Patio Springs, Inc. (Patio Springs or the bankrupt) filed a voluntary petition for relief under Chapter XI of the Bankruptcy Act. At the time of the filing, Patio Springs, owned approximately 12,000 acres of real property in Weber County, Utah. This property was encumbered by a first mortgage in favor of First Security Bank of Utah, N.A. (First Security Bank or the bank). Pursuant to orders of the Court on March 23, 1979 and July 13, 1979, the stay against First Security Bank was vacated and the bank was allowed first to obtain a judgment of foreclosure and then to foreclose. The real property in question was sold to the Bank at a foreclosure sale for approximately $6,100,000 on October 18, 1979 at 12 o'clock noon. As of that date, in accordance with Rule 69(f)(3) of the Utah Rules of Civil Procedure, the debtor's six month period of redemption began to run. On April 17, 1980, the day before the expiration of the redemption period, pursuant to Rule 11–42(a)(2), Fed.R. Bankr.P., the Court adjudicated the debtor a bankrupt and appointed William Thomas Thurman, Esq., as trustee. The trustee subsequently made application to the Court to sell the bankrupt's equity of redemption, claiming that the bankrupt's right to redeem was extended by the terms of Section 11(e) of the Bankruptcy Act, former 11 U.S.C. § 29(e), for an additional 60 days. Both sides have filed well–reasoned memoranda addressing the issues, and the case is submitted to the Court for ruling.

Section 11(e) of the Bankruptcy Act, former 11 U.S.C. § 29(e), states:

Where, by any agreement, a period of limitation is fixed for instituting a suit or proceeding upon any claim, or for presenting or filing any claim, proof of claim, proof of loss, demand, notice, or the like, or where in any proceeding, judicial or otherwise, a period of limitation is fixed, either in such proceeding or by applicable Federal or State law, for taking any action, filing any claim or pleading, or doing any act, and where in any such case such period had not expired at the date of the filing of the petition in bankruptcy, the receiver or trustee of the bankrupt may, for the benefit of the estate, take any such action or do any such act, required of or permitted to the bankrupt, within a period of sixty days subsequent to the date of adjudication or within such further period as may be permitted by the agreement or in the proceeding or by applicable Federal or State law, as the case may be.

Where a debtor in a Chapter XI proceeding is later adjudicated a bankrupt, Section 378 of the Bankruptcy Act directs:

Upon the entry of an order directing that bankruptcy be proceeded with ... (2) in the case of a petition filed under section 322 of this Act, the proceeding shall be conducted, so far as possible, in the same manner and with like effect as if a voluntary petition for adjudication in bankruptcy had been filed and a decree of adjudication had been entered on the day when the petition under this chapter was filed ....

Rule 122, Fed.R.Bankr.P., further provides:

When an order is entered in a Chapter 10, 11, 12, or 13 case directing that the case continue as a bankruptcy case, the procedure shall be as follows:

(1) In all respects other than as provided in the following paragraphs, the case shall be deemed to have been commenced as of the date of the filing of the first petition initiating a case under the title and shall be conducted as far as possible as if no petition commencing a chapter case had been filed.

The interaction of these sections raises a question as to what constitutes the "date of adjudication" for the purpose of applying the 60 day period of limitation found in Section 11(e) of the Bankruptcy Act, 11 U.S.C. § 29(e). First Security Bank argues that by application of § 378(a)(2) of the Bankruptcy Act, and Rule 122, Fed.R. Bankr.P., the date of adjudication must be determined to be the date when the Chapter XI petition was originally filed, or on January 4, 1978. Therefore, the 60 day period of limitation for the trustee to act expired in March of 1978. The bankrupt, on the other hand, argues that since this cause of action arose in the course of the Chapter XI proceeding, the date of adjudication for purposes of applying section 11(e) is the actual date of adjudication, or April 17, 1980. Under this reasoning, the present trustee would be entitled to exercise his rights under 11(e) through June 16, 1980.

The case of *United States v. Paul Hardeman, Inc.*, 260 F.Supp. 723 (M.D.Fla.1966), presents a situation similar to the present case in that the court was concerned with interpreting the meaning of the "date of adjudication" for purposes of applying § 11(e) to a cause of action which had accrued to the debtor–in–possession during the pendency of the Chapter XI proceeding. The court was asked to apply the first part of § 11(e) of the Bankruptcy Act which sets a two year statute of limitation "subsequent to the date of adjudication" within which the trustee must commence a proceeding on any claim against which a federal or state statute of limitations had not expired at the time of the filing of the petition. The suit in *Hardeman* had been commenced subsequent to the one–year statute of limitations set by applicable federal law, was instituted more than two years from the date of the filing of the Chapter XI petition, but was filed within the years from the actual date of adjudication of the debtor. The court first differentiated between the debtor–in–possession and the trustee in bankruptcy, recognizing the separate and distinct nature of these parties and the estates under their control. It held, therefore, that

a chose of action accruing to the debtor in possession is not deemed to be accrued during the administration of the trustee in bankruptcy, so as to prevent the application of § 11(e) to the chose if it is unexpired at the date the debtor is adjudged bankrupt under Section 376(2). *Id.* at 726. The court then proceeded to address the identical issue with which this Court is concerned and held that where a cause of action accrued *during* the Chapter XI proceeding to a debtor in possession, instead of *prior* to the filing of the Chapter XI petition,

> in order to comply with Section 70(a)(5) when the chose of action accrued to the debtor in possession, the date 'initiating a proceeding under this Act' must be construed as the date the order is entered under Section 376(2) directing straight bankruptcy to proceed.

*Id.* at 727. Emphasizing again the separateness of the two estates involved, the court's reasoning was based on the premise that the trustee had a right to inherit a chose of action accruing during the pendency of a Chapter XI proceeding with the "full benefit of Section 11(e)." Implicit in the court's reasoning was recognition of the anomaly which would be created if Section 11(e) were interpreted otherwise, for if the "date of adjudication" was held to mean the date on which the petition in Chapter XI had been filed, the Section 11(e) statute of limitations would begin to run even before the case of action had accrued.

The Court finds the reasoning of the *Hardeman* case to be persuasive in the present context. Section 11(e) was obviously included in the Bankruptcy Act to allow the trustee time to assess his rights as successor to the debtor in possession so as to maximize the assets available upon liquidation to the creditors. *See In re Thomas J. Grosso Investment, Inc.,* 457 F.2d 168 (9th Cir. 1972) (§ 11 creates a "grace period"). Although the provisions in Section 11(e) are available to the debtor–in–possession, the debtor–in–possession proceeds with a different end in mind, that of rejuvenating a financially plagued debtor, than does a trus-

tee, who seeks to liquidate the assets of the debtor and to maximize returns to the debtor's creditors. In recognition of the differences between, and the separateness of these two estates, both Section 378(a)(2) of the Bankruptcy Act and Rule 122, Fed.R. Bankr.P., direct that upon adjudication, the proceeding should be conducted *"as far as possible"* as if adjudication had been made on the date the Chapter XI proceeding was commenced. By terms of the Act, it is therefore realized that there are some situations where relation back to the date of the filing of the Chapter XI petition would not allow for proper application of other provisions in the Act. As aptly explained in *Hardeman,* the factual setting presented in this case is one of those situations. Where a cause of action accrues during the pendency of a Chapter XI proceeding, if the date of adjudication were mechanically determined to be the date of the filing of the original Chapter XI petition, Section 11(e) would often be wholly unavailable to the trustee in bankruptcy when the case was adjudicated. In the situation presented to the Court, the time limits set in Section 11(e) not only would have expired long before the trustee was ever appointed, but would have expired before the right at issue ever came into existence.

Therefore, in order to give meaning to the rights created in Section 11(e), the Court now holds that where a cause of action accrues to a debtor–in–possession, for purposes of applying Section 11(e) as concerns that right, the "date of adjudication" is the *actual* date of adjudication and does not relate back to when the Chapter proceeding was filed.

The cases cited by First Security Bank are not inconsistent with this proposition. Several address the application of Section 11(e) to actions accruing *prior* to the filing of the original Chapter XI petition. *See Henkin v. Rockower Brothers, Inc.,* 259 F.Supp. 202 (S.D.N.Y.1966); *Liman v. Bank of Nova Scotia,* 337 F.Supp. 62 (S.D.N.Y. 1971). As previously noted, this circumstance gives rise to different legal and equitable arguments from the one at hand.

The reasoning of the cases of *In re Ira Haupt & Co.*, 390 F.2d 251 (2nd Cir. 1968) (application of Section 378(a)(1)) and *In re Setzler*, 73 F.Supp. 314 (C.D.Cal.1947), are inapplicable to the question now before the Court in that they deal with different factual and legal situations.

The bankrupt urges the Court to acknowledge application of § 391 of the Bankruptcy Act which suspends "all statutes of limitation affecting claims provable under this chapter and the running of all periods of time prescribed by this title in respect to the commission of acts of bankruptcy, the recovery of preferences and the avoidance of liens" during the pendency of a Chapter XI proceeding. Having determined the date of adjudication to the actual date of adjudication in this case, it is unnecessary for the Court to determine whether this provision would apply to suspend the running of the equity of redemption.

By terms of Section 11(e) of the Bankruptcy Act, 11 U.S.C. § 29(e), the questions of whether the sixty day extension of time in which to act applies to an equity of redemption is left unanswered. Section 11(e) deals with the extension of two separate types of limitations. The first involves periods of limitation set by "agreement." Where limitations from this source are concerned, Section 11(e) gives the trustee at least 60 days in which to act if such limitations were "for instituting a suit or proceeding upon any claim, or for presenting or filing any claim, proof of claim, proof of loss, demand, notice, or the like." The second type of period of limitation are those set in "any proceeding, judicial or otherwise, ... either in such proceeding or by applicable Federal or State law." The breadth of Section 11(e) expands as concerns these types of limitations. In periods of limitations arising from these sources, the trustee has at least 60 days in which to act if the limitations were fixed "for taking any action, filing any claim or pleading, or doing any act." This distinction is well laid out in the opinion of *Good Hope Refineries, Inc. v. Benavides*, 602 F.2d 998, 5 B.C.D. 620 (1st Cir. 1979). In that case, the court held that the time period set for the payment of

a delay rental or option contract, was not extended by Section 11(e). This period of limitation, the court reasoned, fell into the first category as being set by "agreement" which limits the application of Section 11(e) to limitations involving the "instituting of a suit or proceeding upon any claim, or for presenting or filing any claim, proof of claim, proof of loss, demand, notice, *or the like*." The court held that a payment to extend or exercise an option was not akin to the kinds of limitations enumerated in this category as being subject to an extension of time, and therefore, this time period created by agreement was not extended. The court further noted, however, that the second category of types of limitations is much broader. Unlike the *Good Hope Refineries* case, a close scrutiny of the origin of the limitation placed upon an equity of redemption reveals that it fits into the second category of limitations. The time period set for an equity of redemption is a period set by "applicable ... State law" which begins to run only pursuant to a judicial "proceeding." Thus, if this limitation is set for "taking any action, filing any claim or pleading, or doing any act," and has "not expired at the date of the filing of the petition in bankruptcy, the receiver or trustee of the bankrupt may, for the benefit of the estate, take any such action or do any such act, required to or permitted to the bankrupt" within 60 days of the date of adjudication.

It is, first of all, essential to note that the equity of redemption, and its concomitant rights to exercise or transfer such, are property rights of the debtor to which the trustee succeeds. *See Local Realty Co. v. Lindquist*, 96 Utah 297, 85 P.2d 770, 775 (1938). As such is the case, the applicable provisions of Section 11(e) are broad enough to encompass the limitation placed on the exercise or transfer of this right. The almost open—ended articulation of Section 11(e) to extend periods of limitation for "taking any action, filing any claim or pleading, or doing any act" when such limitations are set in a "proceeding, judicial or otherwise," whether fixed "in such proceeding or by

**432**

applicable Federal or State law," leaves ample room for the inclusion of a period of limitation, such as the one at hand. In fact, no persuasive argument has been made to defeat the application of the broad terms of Section 11(e) to this particular type of limitation. Reference to the legislative history of Section 11(e) former 11 U.S.C. § 29(e), provides no additional guidance on the intended breadth of the section. Therefore, the Court holds that consistent with the plain meaning of Section 11(e), the running of the equity of redemption held by the debtor is extended an additional 60 days from the date of adjudication, or until June 16, 1980.

This holding is not inconsistent with the case of *Layton v. Layton*, 105 Utah 1, 140 P.2d 759 (1943). In that case, the Utah Supreme Court held that the automatic stay initiated by the filing of a petition in bankruptcy does not stay the running of the equity of redemption without further action. The holding of the court probably represents a correct analysis of the breadth of the automatic stay provision. The Utah court, however, did not address the issue of the application of Section 11(e) and therefore provides no precedent contrary to the Court's ruling today. In any case, interpretation of Section 11(e) is a federal question to be resolved by the bankruptcy court.

The bank has questioned whether the circumstances involved would qualify the debtor for an equitable extension of the redemption period under Utah state law. Such a determination is unnecessary to this proceeding. This Court is not concerned with the application of state law, but with the application of a specific provision of the bankruptcy law. *Mollerup v. Storage Systems International*, 569 P.2d 1122 (Utah 1979) (extensions of the equity of redemption granted by lower state court under Rule 6(b), U.R.C.P., reversed as not being based on "adequate cause"), is therefore inapplicable to this Court's decision.

Arguments have been advanced on both sides concerning the equities which should be considered by the Court in its determination. In the Court's view, the issues involved are ones of statutory interpretation providing no room to accommodate the types of equitable arguments made. The Court recognizes that the proceedings attendant to this particular bankruptcy case have been long and drawn out, and although the Court's ruling today may seem harsh to a creditor who has long been standing in the wings, the equities are built into the statute itself: It dispenses strong medicine, but the potency of its medicine lasts but 60 days.

It follows from the foregoing that the deed issued by the Sheriff of Weber County to First Security Bank on or about April 18, 1980, is void and that the period during which the trustee may redeem the property extends until June 16, 1980 at 12 noon.